THE MISSISSIPPI CENTRAL RAILROAD COMPANY *v.* CHARLES HARKNESS and SON.

EXECUTION: APPROPRIATION OF VOLUNTARY PAYMENTS ON.—The ninth section of the Enrolment Act of 1844, (Hutch. Dig. 892,) which directs the sheriff to apply the proceeds of a sale of property made by him, to the oldest enrolled judgment against the defendant in execution, has no application to voluntary payments made by the defendant to the sheriff; in such a case the money must be applied as directed by the debtor, at the time of payment.

APPEAL from the Circuit Court of Marshall county.   Hon. P. T. Scruggs, judge.

*H. W. Walter*, for appellant,

Contended, that where there were more demands than one against the debtor, in whatever shape they might exist, he has the right to apply a voluntary payment made by him to any of them he saw proper; and that this right was not affected by the Enrolment Law of 1844, which, by its terms, only applied to payments *coerced* by the sheriff by *a sale* of the defendant's property.

*T. W. Harris, contra,*

Cited Hutch. Code, 892, § 9, and insisted that the case at bar was within the spirit of that Act, and ought to be controlled by it.

HANDY, J., delivered the opinion of the court.

In July, 1854, the appellees recovered a judgment against on Fogg, which was duly enrolled, and execution was issued thereon in August, 1854, and returned "*nulla bona*" at the January term, 1855, and no further execution was issued.

The appellants recovered a judgment against the same defendant in January, 1855, on which an execution was issued and levied upon a slave, and forthcoming bond was executed, forfeited and returned, the judgment upon which was duly enrolled. Upon that judgment execution was issued, and whilst it was in the hands of the sheriff, no execution upon the judgment of the appellees being in his hands, the defendant paid the sheriff a sum of money to be applied as a payment upon the appellant's execution. The sheriff entertaining doubts as to the legal application of the money, asked the direction of the Circuit Court upon the subject, and he was directed to apply it to the judgment of the appellees. And from that order this appeal was taken.

This judgment appears to have been founded on the ninth section of the Enrolment Act of 1844, Hutch. Code, 892. But it is manifest that it cannot be sustained upon any proper view of that Act. Its provision is that "*after a sale* of any property by the sheriff, &c., on execution, before the money is paid over by him, he shall examine the 'Judgment Roll,' and ascertain if there be any older judgment, &c., enrolled against the defendant, having a priority of lien ; and if there be, he shall apply *the proceeds of such sale* to such elder judgment, &c., and return such application upon the execution, upon which *such sale shall have been made,*" &c. Neither the terms nor the spirit of this Act have any application to the case of a voluntary payment to the sheriff by a defendant, upon an execution, under which there has been no sale. The object of the provision was to protect the titles of parties purchasing property at judicial sales, but not specially to secure

the rights of judgment creditors who had not been diligent in enforcing their executions. And in order that such purchasers should not be disturbed in their titles acquired under such sales, the legislature thought fit to provide that judgments and decrees having priority of lien over that under which the sale might be made, should be satisfied by the application of the money arising from the sale under the junior judgment or decree, to that having priority of lien.

This reason has no application to the present case. There was no purchaser whose title was to be affected, and the plaintiffs in the prior judgment had the same right to enforce it by execution against the defendant, as if the money had never been paid by him to the sheriff.

The judgment is reversed, and the sheriff is directed to apply the money in his hands to the execution of the appellants.