MEGGETT v. GREENVILLE COMMERCIAL BODY Co.

(Division A. October 19, 1931.)

[137 So. 187. No. 29201.]

**Wynn & Hafter,** of Greenville, for appellant.

Percy, Strauss & Kellner, of Greenville, for appellee.

**McGowen, J.**, delivered the opinion of the court.

The Commercial Body Company, appellee, filed its bill for injunction in the chancery court against W. McD. Meggett, the circuit clerk of Washington county, praying that the said W. McD. Meggett, circuit clerk, be forever and perpetually enjoined from setting aside the aforesaid judgment in favor of this complainant, and against the England Motor Company, "meanwhile a temporary instruction (injunction) issue to this effect."

The chancellor in vacation ordered the injunction to issue as prayed for. The writ as issued commanded the circuit clerk to refrain from setting aside that certain judgment in favor of the Greenville Commercial Body Company against the England Motor Company, rendered by the circuit court of Washington county, Mississippi, on June 17, 1930, in the sum of seven hundred eight dollars and eight cents, or otherwise interfering with the enrollment of said judgment.

The chancellor overruled the motion to dissolve the injunction, and granted an appeal here from such order.

This is a companion case to that of O'Bannon v. Greenville Commercial Body Company, 159 Miss. 68, 132 So. 87, wherein the facts are stated up to the date of the judgment there appealed from.

Subsequent to that time, on July 18, 1930, at a subsequent term of the court beginning on the second Monday of July, 1930, the court took up the motion to set aside the judgment, and, after argument of counsel, sustained the motion, and allowed the England Motor Company and the defendant, O'Bannon, thirty days in which to answer the writ of garnishment originally issued in this case.

On July 22, the bill in this case was filed against the circuit clerk, as stated above. The only ground alleged in the bill for equitable relief by way of injunction is the following language in the bill: "Complainant would

show that the said action of the circuit court of Washington county, Mississippi, in setting aside the said judgment is unwarranted in law and is absolutely null and void. Complainant would further show that no order was taken during the June term of court extending the time for the hearing of the motion for a new trial, and on the 12th day of July, 1930, the term of court begun on June 16, 1930, expired."

It was argued in the O'Bannon case, supra, and is argued here, that, in effect, being a garnishment proceeding, the cause was discontinued upon the adjournment of the court for that term, and thereafter, at a subsequent term, the circuit court was powerless to set aside the judgment, because of section 1846, Code of 1930, which is as follows: "If a garnishee, personally summoned, shall fail to answer as required by law, or if a scire facias on a judgment nisi be executed on him, and he fail to show cause for vacating it, the court shall enter a judgment against him for the amount of plaintiff's demand; and all costs and such judgments shall be final, unless cause be shown to the contrary during the same term, and execution shall issue thereon."

Counsel for appellee seem to argue that this statute is an exception to section 734 of the Code of 1930. This is the only basis alleged in the bill, and in the brief of counsel in support of the allegation that the judgment was void.

This question is squarely decided adversely to the appellee in the O'Bannon Case, supra. This court there held that this was a pending cause, and was not discontinued; and at a subsequent term thereof the court took up this pending cause, and disposed of the motion then pending, heretofore considered in the O'Bannon case. The judgment may be erroneous, but it certainly is not void, and there is no ground for equitable relief, even if it be conceded that a mere allegation that a judgment is void is sufficient to warrant the interposition of equity, and the granting of an injunction.

In addition to what we have said, it pretty conclusively appears that.the chancery court ought not to direct the circuit clerk not to enter the judgment rendered by the circuit court. At all events, all that is presented or argued here by appellee is the contention that the judgment is void, for the reasons stated. The motion to dissolve the injunction should have been sustained and the bill dismissed. That order will be entered here.

Reversed, and decree here for appellant.