## S. M. JOHNSON *v.* M. P. EDDE.

1. JUDGMENT. *Priority of rendition. Minutes of court. Evidence aliunde.*
   The question of the priority of the rendition of two judgments in the same court is to be determined by the minutes of the court; and it is not admissible to show by evidence *aliunde* that the one last entered was in fact first rendered.

2. SAME. *One set-off against another. Money collected on. Application thereof.*
   E., being defendant in a judgment in favor of J., deposited with the sheriff the amount due on the judgment, without waiting for a levy upon his property. E., having an unsatisfied judgment for a larger amount against J., filed a bill in chancery alleging that J. was insolvent, and asking that the money which he had placed in the hands of the sheriff be applied as a credit on his judgment against J. H., who held a judgment against J., with a lien older than E.'s, was admitted as a party to the suit, and claimed that the money in controversy should be applied to his judgment. The decree of the chancellor directed the money to be paid over to E. and credited upon his judgment against J. *Held*, that the decree was correct. Neither the judgment of H. nor that of E. was a lien on the money in the hands of the sheriff; and the statute requiring that money collected by execution shall be appropriated to the judgment with the oldest lien has reference only to judgments against

the defendant from whom the money has been collected, and applies only to money made by a *sale* under execution, the object of the law being to protect purchasers at such sales by transferring contestation from the property sold to the proceeds thereof.

3. EXEMPTION. *Horse recovered in replevin. Damages for taking and detention.*
Where a plaintiff in replevin has recovered a judgment for a horse, or his value, and also for damages for the wrongful taking and detention of the horse, the damages for the taking and detention are not exempt from his debts because the horse is exempt property.

APPEAL from the Chancery Court of Monroe County.

Hon. LAFAYETTE HAUGHTON, Chancellor.

On the fifteenth day of June, 1877, John Holliday and M. P. Edde each recovered a judgment in the Circuit Court against S. M. Johnson. Holliday's judgment was entered on the minutes of the court first, and enrolled on the judgment-roll first. On the 21st of December, 1877, Mrs. E. J. Johnson, wife of S. M. Johnson, bought Holliday's judgment and took a transfer thereof to herself. In April, 1878, S. M. Johnson recovered a judgment in replevin in the Circuit Court against Edde for a horse, or its value, and for $150 as damages for the wrongful taking and detention.

On the 2d of June, 1878, Edde filed the bill in this case, alleging that he had surrendered to the sheriff the horse for which the judgment in replevin had been rendered against him, but claiming that he should be allowed to credit the $150 adjudged against him for damages, on his judgment against Johnson, and stating that the complainant's judgment, which exceeded in amount the $150 judgment in favor of Johnson, was still totally unsatisfied, and that Johnson was insolvent. Edde had previously had execution issued upon his judgment, and nothing could be found subject to the writ.

Mrs. E. J. Johnson filed a petition praying to be admitted as a party to the suit, and claiming that if the $150 in controversy was liable for her husband's debts it should be applied to the Holliday judgment, of which she was the owner. Both she and her husband answered the bill. S. M. Johnson, in his answer, stated that the horse recovered in the action of re-

plevin was exempt property, and that by reason thereof the $150 recovered as damages for the taking and detention of the horse was also exempt.

The proof showed that the $150 in controversy had been placed in the hands of the sheriff by Edde, but whether as a payment of the judgment or as a deposit to await the result of this suit was a question upon which the testimony was conflicting. The evidence showed that Edde's judgment against Johnson was rendered several hours before Holliday's, though on the same day, but that Holliday's was entered on the minutes and enrolled first, because it appeared first on the court docket.

The chancellor decreed that the sheriff should pay over the $150 to Edde, to be credited upon his judgment against Johnson, except $60 thereof, which had been paid to Johnson's attorney by order of Edde's attorney. From that decree Johnson appealed.

*Murphy, Sykes & Bristow*, for the appellant.

1. Where money is in the hands of a sheriff, collected on execution, it cannot be applied to claims against the plaintiff in execution, except by some legal process. It is no part of the sheriff's duty to apply such moneys in his hands to judgments against the execution plaintiff. The statute (Code 1871, sect. 832) only requires the sheriff, having collected money on execution, to examine the judgment-roll and ascertain if there be any elder judgments or decrees against the defendant in the execution, and if so, to apply the money accordingly.

We submit that this bill cannot be held as a garnishment at all; but if so, it can only be as a kind of equitable garnishment, and not as a garnishment under our statute. Under such a process, a sheriff or other officer having money collected under execution cannot be garnished. The equitable "trustee process," outside of statutory enactments, proceeds on the principle that the garnishee or trustee has in his hands money

belonging to a judgment debtor, and seeks to apply it to the judgment debt. Now, money paid on a *fieri facias* does not become the goods and chattels of the plaintiff until it has been paid over to him. Allen on Sheriffs, 162 ; *Turner* v. *Fendall*, 1 Cranch, 116 ; 6 Cow. 494.

2. If the money can be subjected in the hands of the sheriff, we submit that under the pleadings and proof it must be applied to the oldest judgment, the prior lien, viz. : the judgment of *Holliday* v. *Johnson.* When two judgments are rendered on the same day, that which is first entered on the minutes and first enrolled has priority. *Smith* v. *Ship*, 1 How. 234 ; *Reed* v. *Haviland*, 38 Miss. 323 ; *Mitchell* v. *Wood*, 47 Miss. 231.

3. But this money in the hands of the sheriff was not subject to be applied to either judgment. Johnson claimed and recovered the horse as exempt property. The right to exempt property surely includes the right to its use. See Thomp. on Home. & Ex. 748 ; *Stebbins* v. *Peeler*, 29 Vt. 289 ; *Keyes* v. *Rines*, 37 Vt. 263 ; *Mitchell* v. *Milhoan*, 11 Kan. 617 ; *Houghton* v. *Lee*, 50 Cal. 101 ; *Mooney* v. *Mooney*, 65 Barb. 524 ; *Tillotson* v. *Walcott*, 48 N. Y. 190 ; *Andrews* v. *Rowan*, 28 How. Pr. 126 ; Thomp. on Home. & Ex. 750 ; *Cobb* v. *Coleman*, 14 Texas, 599 ; *Wilson* v. *McElroy*, 32 Pa. St. 82.

*Gholson & Houston*, for the appellee.

1. The bill in this case seeks to pay off one judgment with another, or to establish that one is a satisfaction *pro tanto* of another.

Strictly speaking, there is no such a defence as set-off under the Practice Act of this State ; but our statute regards the true rule, and adopts the common-law principle that mutual claims on each side become a satisfaction of each other—that they operate as a payment, one of the other. Code 1871, sects. 601–604 ; Waterman on Set-off, sects. 372, 373, 376 ; *Tuscumbia, etc., R. Co.* v. *Rhodes*, 8 Ala. 206 ; 1 Atk. 228. The same rule governs as to judgments. One may be set

off against another ; and this is so, even where demands, from
their nature, cannot be made subjects of set-off. Waterman
on Set-off, sects. 313, 314, 319, 371 ; *Temple* v. *Scott*, 3 Minn.
419 ; *Tuscumbia, etc., R. Co.* v. *Rhodes*, 8 Ala. 206 ; *Wright*
v. *Weadwell*, 14 Texas, 225. And this is especially the rule
where one of the parties is insolvent (as is admitted in this
case), or where a party has taken advantage of the exemption
or homestead, and thereby exempts all his property. *Graves*
v. *Hull*, 5 Cushm. 419, 423, and authorities there cited ; *Long*
*& Stewart* v. *Ellis*, 41 Ga. 260 ; *Simpson* v. *Hart*, 14 Johns.
62 ; *How* v. *Sheppard*, 2 Sumn. 133 ; *Tuscumbia, etc., R. Co.*
v. *Rhodes*, 8 Ala. 206.

A court of equity has jurisdiction to make payments set-
offs in this case. *Graves* v. *Hull*, 5 Cushm. 423 ; *Long &*
*Stewart* v. *Ellis*, 41 Ga. 260 ; *Simpson* v. *Hart*, 14 Johns. 62.

2. We contend that the judgment of *Edde* v. *Johnson*, in
point of time, was prior to Holliday's against Johnson ; and
that, as the proof is clear on this point, and the fact of its
priority in time admitted, and the judgment being a lien from
its rendition, it has priority. See *Smith* v. *Ship*, 1 How.
234 ; *Reed* v. *Haviland*, 9 Geo. 325 ; Code 1871, sect. 830.

CAMPBELL, J., delivered the opinion of the court.

The judgment of appellee was junior to that of Holliday,
which was transferred to Mrs. Johnson ; and it was not allow-
able to change the relative position of those judgments, as
shown by the minutes of the court, by evidence that the first
should have been last, and that the last should have been first.
The record fixes unchangeably their order. While this is true,
the money in the hands of the sheriff for Mr. Johnson was
not appropriable to the older judgment. But for the bill of
appellee it would have been payable, and no doubt would have
been paid, to Mr. Johnson, on whose execution against appellee
it was collected. There was not any lien on the money in the
hands of the sheriff in favor of either judgment against John-

son, and the rule of priorities in the application of money made by execution does not obtain.

It is only when there are several judgments against a person, and money is made by execution against him, that the sheriff must apply the money to the oldest operative judgment-lien on the property of the person from whom the money is collected.   The object of the statute requiring the money collected by execution to be appropriated to the oldest subsisting judgment-lien is to protect purchasers at sales under executions in the title acquired, and to transfer the contest from the property sold to the money derived from the sale.   It is only the proceeds of *a sale* that are required to be thus dealt with. Money paid into the hands of the officer, without a sale, or the proceeds of a garnishment, are not subject to the statute, and are appropriable to the judgment by virtue of which it is made.   *Mississippi Central R. Co.* v. *Harkness*, 32 Miss. 203.

The question of seniority of judgments had no place in this controversy, because the money was in the hands of the sheriff for Johnson, who was the judgment debtor of appellee, and was insolvent; wherefore appellee, being, as he supposed, remediless at law, exhibited his bill invoking the aid of the Chancery Court to offset the money due from Johnson to him by that due from him to Johnson.

We accept the chancellor's view that the money was placed by appellee in the hands of the sheriff as a depositary, and it was proper for it to go as a credit on the judgment in favor of appellee against Johnson, unless it be true, as contended by the latter, that this money, which was awarded to him as damages for seizing his horse, which was exempt from execution, was likewise exempt from legal process because the horse was.

If the damages had been for the value of the exempt horse, the question would be different; but Johnson got his horse and $150 damages.   The horse was exempt.   The damages were something additional to the horse, not for his value, and

were not exempt, because not embraced in the contemplation of any law on that subject. The cases cited to support the view contended for by appellants do not apply to this case.

Decree affirmed.