O'BANNON et al. v. GREENVILLE COMMERCIAL BODY CO.

(Division B. Jan. 26, 1931.)

[132 So. 87. No. 29055.]

Wynn & Hafter, of Greenville, for appellant.

Percy, Strauss & Kellner, of Greenville, for appellee.

70

Argued orally by **W. T. Wynn**, for appellant, and **Ernest Kellner** and **D. S. Strauss**, for appellee.

**Anderson, J.,** delivered the opinion of the court.

This is an appeal by a judgment debtor and a garnishee from a judgment against the latter in favor of the judgment creditor.

Appellee recovered a judgment against the appellant Fred O'Bannon, and suggested that the appellant the England Motor Company was indebted to the judgment debtor, and asked for a writ of garnishment, as provided by the statute. The writ of garnishment was accordingly issued and served upon appellant the England Motor Company. The writ was returnable to the June, 1930, term of the circuit court of Washington county. At the return term of the writ appellant, the England Motor Company appeared and filed a paper in court. However, this paper, under the law, was not an answer to the garnishment. Thereupon judgment was rendered against the garnishee for the amount of the judgment on which the writ of garnishment was issued, for the want of an answer. Later in the term appellants (the judgment debtor and garnishee) entered a motion to set aside the judgment, setting out various grounds therefor. The term of the court at which the judgment was rendered, and during which the motion to set aside the judgment was entered, adjourned without taking any action on the motion—it was simply left pending and undisposed of. From this judgment against the garnishee, the England Motor Company, both the garnishee and the judgment debtor, O'Bannon, appeal to this court.

The appeal cannot be sustained, because the judgment appealed from is not a final judgment as long as the mo-

tion to set it aside is pending and undisposed of. There are no discontinuances known to the practice of the courts in this state. Section 990 of the Code of 1906, Code of 1930, section 734, provides as follows: "If any court shall not be held at any term, or shall not continue to sit the whole term, or during the term shall not have heard and determined all matters standing for trial, then all suits and proceedings remaining undecided shall stand continued of course until the next term; and if the court shall not sit on any day of the term after it shall have commenced, there shall not be any discontinuance, but the court may proceed to business on any subsequent day until the end of the term; and any court may take a recess to any day within the time during which it may be held."

No order was necessary continuing the motion to set aside the judgment until the next term of the court—it was continued by operation of the statute. As long as that motion stands undisposed of there can be no appeal from the judgment, because, as stated, the judgment is not a final one.

Appeal dismissed.