## MOORE *v.* MONTGOMERY WARD & CO.

(Division B.   Oct. 8, 1934.)

[156 So. 875.   No. 31434.]

Opinion on merits per curiam, see 158 So. 148.

**R. H. & J. H. Thompson** and **L. Barrett Jones,** all of Jackson, for appellee, on motion.

**Chalmers Potter** and **Hamilton & Todd,** all of Jackson, for appellant, on motion.

**Griffith, J.,** delivered the opinion of the court.

Judgment was rendered and entered in the circuit court in favor of appellee on September 29, 1933. A motion for a new trial was made during the term, and, on October 10, 1933, also during the term, the motion was overruled, and an order was entered on the same day to that effect. On April 4, 1934, an appeal was taken to this court, which was more than six months after the rendition of the initial judgment, but was less than six months after the entry of the order overruling the motion for a new trial. Appellee has moved the court to dismiss the appeal, because not taken "within six months next after the rendition of the judgment" (section 2323, Code 1930), and the question is whether, in any event, the appeal must be taken within six months from the date of the entry of the judgment, or whether the six months run from the time of the entry of the order overruling the motion for a new trial.

At common law a judgment was not entered until all motions which challenged its validity or correctness were disposed of; and while under our practice the clerk enters the judgment when rendered, it is nevertheless subject to the control of the trial court, and may be modified

or vacated by the court in response to a motion for a new trial, or other proper motion challenging the judgment, if the motion be seasonably made; and this control continues, as at common law, until the motion is finally ruled upon. O'Bannon v. Greenville Co., 159 Miss. 68, 71, 132 So. 87; Mayflower Mills v. Breeland, 168 Miss. 207, 213, 149 So. 787.

An appeal from a judgment in the circuit court is not allowed until that judgment is actually final (sections 13 and 3361, Code 1930); and since the judgment is under the control of the trial court until the motions mentioned are finally disposed of, it follows that not until that time does the judgment have that quality of finality which puts the statute of limitations in respect to appeals into operation. It would be an odd situation that an appeal should be allowable to this court, to set aside a judgment and grant a new trial, while a motion for a new trial remains pending before the trial court whereunder the trial court could, and perhaps would, do all that is sought by the appeal; and it would be an odd situation, too, if a case could remain pending in the trial court on an undecided motion for a new trial, and at the same time be pending in this court on appeal; and it is a familiar principle that no statute of limitations runs against a party until he is allowed by law to do the thing as to which the statute is interposed.

Appellee contends, however, that the motion for a new trial was unnecessary in this case, under section 3 of rule 6 of this court, and, being unnecessary, it must be disregarded. It is true that, except as to motions which introduce grounds which, if proved, would set aside or modify the judgment and wherein if not thus brought forward by such a motion, the trial judge would have no opportunity to pass upon the new matters so introduced (Justice et al. v. State (Miss.), 154 So. 265), a motion for a new trial is not necessary in order to ob-

tain a review in this court. Nevertheless, the complaining party still has the right to make the motion for a new trial, and thereby to seek relief in the trial court; and when seasonably made the trial court must dispose of that motion, and until so done, the judgment remains, none the less, under the control of the trial court and, as respects the matter of appeal, is not final.

The rule, therefore, which prevails in most jurisdictions, that there is no final judgment, so far as concerns an appeal therefrom, so long as the cause is still under the control of the trial court by reason of the pendency of a motion for a new trial, or any motion of similar effect (3 C. J., p. 465), is correct, and we must decline to modify the opinion and decision in Mayflower Mills v. Breeland, supra, which is in accord with that rule.

Motion overruled.