JOHNSON *v.* MISSISSIPPI POWER CO.

(Division A.   June 10, 1940.)

[196 So. 642.   No. 34221.]

68

**Eaton & Eaton,** of Gulfport, and **Wilbourn, Miller & Wilbourn,** of Meridian, for appellee on plea in bar of appeal.

**Gex & Gex** and **Evelyn Hunt Conner,** all of Bay St. Louis, for appellant on plea in bar of appeal.

**Smith, C. J.**, delivered the opinion of the court.

The appellant sued Beningo and the Mississippi Power Company for a personal injury. The jury returned a

verdict for the Power Company, but against Beningo; and a judgment thereon awarding the appellant damages against Beningo and dismissing his action as to the Mississippi Power Company was entered on the minutes of the court on the 8th day of September, 1939. The court remained in session until, and adjourned on, the 22nd day of September. The appeal bond was filed and approved on March 21, 1940, more than six months after the entry of the judgment but less than six months after the adjournment of the court.

Section 2323, Code 1930, provides: "Appeals to the Supreme Court shall be taken within six months next after the rendition of the judgment or decree complained of, and not after, saving to persons under a disability of infancy or unsoundness of mind the like period after the disability shall have been removed." An appeal within the meaning of this statute is taken when, but not until, a bond therefor is filed, where such a bond is required, as is the case here.

The appellee, by a plea in bar of the appeal, says that this bond was filed more than six months after the judgment appealed from was rendered. The question presented then is: When was the judgment rendered? In some jurisdictions all judgments are presumed to have been rendered on the first day of the term of the court at which they were rendered; in others, on the last day thereof unless the contrary appears; in still others, on the day on which they were actually pronounced by the court. 34 C. J. 70; 15 R. C. L. 611 et seq. This court is aligned with the third of these classes; for with us "the date of the rendition of a judgment at law is the pronouncement thereof by the court at the conclusion of the trial." Creswell v. Creswell, 164 Miss. 871, 140 So. 521, 522, 141 So. 41; Clark v. Duke, 59 Miss. 575; Simpson v. Boykin, 118 Miss. 701, 79 So. 852; Rayl v. Thurman, 156 Miss. 1, 123 So. 853, 124 So. 432. This date is determined by the entry of the judgment on the minutes of the Court. Sec. 750, Code 1930; Johnson v. Edde, 58 Miss. 664.

But the appellant says that under Sections 13 and 3361, Code 1930, appeals to this Court lie only from final judgments, and that a judgment does not become final, at least for the purpose of an appeal, until the end of the term of the court at which it was rendered.

The court has full control over its judgments during the whole of the term at which they are rendered. Nevertheless a judgment "which adjudicates everything material to the determination of the cause, and which, when executed according to its terms, will give all the relief which could be (then) afforded is final." 33 C. J., p. 1061; Humphreys v. Stafford, 71 Miss. 135, 13 So. 865; Gulf & S. I. R. Co. v. Williams, 109 Miss. 549, 68 So. 776; Dunagin v. First National Bank, 118 Miss. 809, 80 So. 276; Bank of Courtland v. Long Creek Drainage Dist., 133 Miss. 531, 97 So. 881.

One necessary qualification of this rule is, that, if a motion for the setting aside of a judgment is filed before the end of the term of the court at which it was rendered, the finality of the judgment is thereby suspended and the limitation on the time for an appeal begins when, but not until, the motion is disposed of. 4 C. J. S., Appeal and Error, Sections 106 and 441; 2 Am. Jur. App. & Err., Sec. 25; Kingman & Co. v. Western Mfg. Co., 170 U. S. 675, 18 S. Ct. 786, 42 L. Ed. 1192; Moore v. Montgomery Ward & Co., 171 Miss. 420, 156 So. 875; Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787; O'Bannon v. Greenville, etc., Co., 159 Miss. 68, 132 So. 87.

No such motion was here made; and the mere fact "that a judgment may be subject to the control of the court during the term at which it is rendered does not prevent it from being final and appealable." 4 C. J. S., Appeal and Error, Secs. 94 and 446; 2 Am. Jur. App. & Err., Sec. 25; Good v. Board of Supervisors, 140 Va. 399, 125 S. E. 321; Buford v. North Roanoke Land Co., 94 Va. 616, 27 S. E. 509; Southern R. Co. v. Clift, 260 U. S. 316, 43 S. Ct. 126, 67 L. Ed. 283. We have been cited to no case construing a similar statute differently and none

have come under our observation so doing, except probably from a jurisdiction where judgments are presumed to have been rendered on the last day of the term of the court. The statute is plain and unambiguous and must be enforced as written.

The six months' limitation on the time within which to appeal from this judgment began on September 9, 1939, the day after it was rendered. Rayl v. Thurman, 156 Miss. 1, 123 So. 853, 124 So. 432.

Appeal dismissed.