DUNCAN *v.* BROCK.

Feb. 2, 1953

No. 38668 18 Adv. S. 15 62 So. 2d 562

*Price, Phillips & McLendon,* for the motion.

*T. J. Wills* and *Carl W. Kepper,* contra.

KYLE, J.

The appellant, J. H. Duncan, sued the appellee, Dr. L. W. Brock, in the circuit court of Pike County in an action for damages. The case was tried at the October 1951 term of court, and at the conclusion of the evidence offered on behalf of the plaintiff the court sustained a motion to exclude the evidence and entered a judgment dismissing the plaintiff's action with prejudices. That judgment was rendered on October 3, 1951. On October 20, 1951, the plaintiff's attorneys gave notice to the official court reporter that the plaintiff desired to appeal the case to the Supreme Court and that a copy of the notes was desired. The term of the court at which the judgment was rendered was finally adjourned on October 26, 1951. No motion for the setting aside of the judgment was filed before the end of the term. The appeal bond was filed and approved on April 8, 1952, which was more than six months after the entry of the judgment complained of but less than six months after the adjournment of the court. The record was filed in the office of the Clerk of this Court on July 28, 1952.

The appellee has filed a motion in this Court asking that the cause be docketed and that the appeal be dismissed on the ground that the appeal bond was filed more than six months after the judgment appealed from was rendered.

Section 753, Code of 1942, provides: "Appeals to the Supreme Court shall be taken within six months after the rendition of the judgment or decree complained of, and not after, saving to persons under a disability of infancy or unsoundness of mind the like period after the disability shall have been removed." An appeal within the meaning of the statute is taken when, but not

until, a bond therefor is filed where such a bond is required, as in the case here.

The above mentioned statute, which appeared as Section 2323, Code of 1930, was considered by the Court in the case of Johnson v. Mississippi Power Co., 189 Miss. 67, 196 So. 642, and in that case the Court, after referring to the diverse holdings of the courts in other jurisdictions, said that with us the date of the rendition of a judgment at law is the date of the pronouncement of the judgment by the court at the conclusion of the trial. Cresswell v. Cresswell, 164 Miss. 871, 140 So. 521, 522, 144 So. 41; Clark v. Duke, 59 Miss. 575; Simpson v. Boykin, 118 Miss. 701, 79 So. 852; Rayl v. Thurman, 156 Miss. 1, 123 So. 853, 124 So. 432. This date is determined by the entry of the judgment on the minutes of the Court, Sec. 750, Code 1930; Johnson v. Edde, 58 Miss. 664.

The Court held in the case of Johnson v. Mississippi Power Company, supra, that the above mentioned statute providing that appeals to the Supreme Court shall be taken within six months after the rendition of the judgment or decree complained of, except in cases of persons under disability of infancy or unsoundness of mind, was plain and unambiguous, and that the statute must be enforced as written, and the Court held that the six months' limitation on the time within which to appeal from a judgment in a case of this kind begins on the day after the judgment is rendered.

The six months' period allowed for an appeal in this case began to run on October 4, 1951, the day after the judgment was rendered. The appeal was not taken within the time allowed by the statute, and the motion to dismiss the appeal must be sustained.

Appeal dismissed.

*Roberds, P. J.,* and *Holmes, Ethridge* and *Lotterhos, JJ.,* concur.