J. D. DAVIDSON, et al., d/b/a DAVIDSON LUMBER Co. *v.* HUNSICKER.

No. 39815          May 9, 1955          79 So. 2d 839

June 13, 1955           80 So. 2d 834

*Kermit R. Cofer,* Water Valley, for appellants.

*John S. Throop,* Water Valley, for appellee.

LEE, J.

The judgment in this cause was entered on July 29, 1954. A motion for a new trial was filed and overruled on August 2, 1954. Bond for appeal to this Court was filed and approved on November 2, 1954.

The applicable part of Chapter 214, Laws of 1954, Section 753, Code of 1942, Annotated, approved March 2, 1954, and effective sixty days after passage, is as follows: "Appeals to the supreme court shall be taken

within ninety (90) days next after the rendition of the judgment or decree complained of, and not after, saving,'' etc.

An appeal is taken, within the meaning of the statute, when the bond is filed and approved. Johnson v. Mississippi Power Co., 189 Miss. 67, 196 So. 642. The judgment is not final until the motion for a new trial is overruled. Moore v. Montgomery Ward & Co., 171 Miss. 420, 156 So. 875. The limitation on the time to appeal begins on the day after the motion for a new trial is overruled. Duncan v. Brock, 216 Miss. 406, 62 So. 2d 562.

After the motion for a new trial was overruled, twenty-nine more days remained in August. There were thirty days in September and thirty-one in October. The aggregate of the foregoing is ninety days. Since the bond was not filed and approved until November 2, 1954, there is no basis on which it can be said that the bond was filed and approved within ninety days from the rendition of the judgment.

The motion is sustained, and the cause is dismissed.

All justices concur.

### ON APPELLEE'S MOTION FOR THE ALLOWANCE OF FIVE PER CENT DAMAGES

This cause has been dismissed. Appellee had also filed a motion for the allowance of damages under Section 1971, Code of 1942, for the failure of the appellants to prosecute their appeal to effect.

A valid appeal was necessary before the appellants could prosecute it. Actually they did not take an appeal because no bond was filed and approved within ninety days from the date of the final judgment. Since this Court, for that reason, refused to take cognizance of the cause, as pending before it, it cannot allow statutory damages for failure to prosecute an appeal.

The motion is therefore overruled.

All justices concur.

ON MOTION TO CORRECT JUDGMENT

LEE, J.

This cause was docketed and dismissed because the appeal bond was not filed and approved within ninety days as required by Chapter 214, Laws 1954, Section 753, Code 1942 Annotated, and judgment in the sum of $5,000.00 was entered in favor of appellee and against appellants and J. A. Kennedy and R. H. Jones, sureties on the supersedeas appeal bond, together with lawful interest and costs, but damages were disallowed.

Appellants contend that the judgment against the sureties is erroneous; that because the bond was not filed in time, no appeal was pending in this Court; that the cause was not affirmed; and that the judgment is not consonant with the terms of the bond.

Section 1163, Code 1942, provides that a supersedeas bond shall be "conditioned that the appellant will satisfy the judgment or decree complained of, and also such final judgment as may be made in the cause, and all costs, if the same be affirmed   *   *   *   ." The condition of the appeal bond executed by the appellants and their sureties is that: "Now, if the said Principals shall prosecute said appeal with effect and shall satisfy such judgment as shall be rendered against them if same be affirmed, then this obligation to be void; otherwise to remain in full force and effect."

The question therefore is whether the dismissal of the appeal for failure to file the appeal bond within the required time is a breach of the conditions of the appeal bond so as to render the sureties liable. The extent of their liability is specifically stated in Section 1973, Code 1942, as follows: "In case a bond have been given for a supersedeas, the judgment of the Supreme Court, on affirming the judgment or decree of the court below, or on a dismissal of the appeal by the appellant or the court, shall be for the money adjudged or decreed against appellant, and damages and costs, or for the

specific property and damages and costs, or for the damages and costs, as the case may be, against all the obligors in the bond who may be living at that time, and execution may be issued thereon accordingly;  *  *  *.''

Thus the above statute expressly provides that the judgment of the court on affirmance ''or on a dismissal of the appeal by the appellant *or the court*'' shall be for the money adjudged against the appellant and shall also be adjudged ''against all the obligors in the bond.'' Sections 1163 and 1973, supra, and the executed bond must all be read and considered together.

The provisions of Section 1973, supra, accord with the rule which has been adopted by a large number of the courts. See 3 Am. Jur., Appeal and Error, Section 1281, page 769, as follows: ''The general rule is that the dismissal or abandonment of an appeal operates as an affirmance of the judgment within the meaning of an appeal bond or undertaking conditioned for the payment of the judgment if affirmed. So, where the dismissal is for failure to perfect the appeal or to observe other statutory requirements, the sureties are liable on the bond.'' See also 5 C. J. S., Appeal and Error, Section 2049 (f) as follows: ''Usually a dismissal of the appeal for failure to perfect or prosecute the appeal is regarded as the equivalent of an affirmance within the meaning of a bond conditioned to pay or satisfy the judgment if affirmed.''

In practice the filing of the bond, whether in time or not, procures the suspension of process on the judgment and prevents the plaintiff from enforcing the same until the appeal is disposed of.

The judgment, in the respect complained of, is correct as entered.

■■ ■ However, the judgment is incorrect because of the disallowance of damages. The appellee heretofore filed his motion for the allowance of five percent damages, but he did not cite Section 1973, supra. A full consideration of this subject matter has led inescapably to

the conclusion that, under the authorities which have been cited above, damages follow a dismissal by the court just the same as if there had been an affirmance. Consequently the Court withdraws the opinion rendered in this cause on May 9, 1955, which disallowed damages, and, on its own motion, corrects the judgment so as to allow damages in the sum of five percent. Sections 1163, 1971 and 1973, supra.

Appellants' motion to correct judgment overruled; and court, on its own motion, corrects judgment so as to allow damages.

All justices concur.