GULF, MOBILE & OHIO RR. Co. *v.* FORBES

No. 40271          May 14, 1956          87 So. 2d 488

*Cunningham & Cunningham,* Booneville, for movant.

*Ely B. Mitchell,* Corinth, for movee.

McGEHEE, C. J.

On September 26, 1955, the appellee Levi Forbes recovered a judgment against the appellant Gulf, Mobile & Ohio Railroad Company, for the sum of $5,000, and a judgment was accordingly entered.

On October 1, 1955, the appellant filed a motion for a new trial of the case, and there was an order entered on October 3, 1955, in term time, overruling the motion for a new trial. Under Chapter 214, Laws of 1954, the time allowed for taking appeals to this Court was reduced to 90 days, the Act providing, in part, as follows: ''Appeals to the supreme court shall be taken within ninety (90) days next after the rendition of the judgment or decree complained of and not after * * *.'' Therefore the running of the 90-day statute of limitation for the filing of an appeal bond commenced on the date of the overruling of the motion for a new trial, that is to say, on October 3, 1955.

On December 30, 1955, the attorney for the appellant railroad company prepared a supersedeas bond with the name of the Gulf, Mobile & Ohio Railroad Company typewritten at the bottom thereof by ——————— attorney, and there were typed thereunder the names of Ely B. Mitchell and L. B. Mitchell, as sureties, underneath two blank lines, respectively. Due to oversight the bond was not signed on behalf of the railroad company by its attorney, nor were the names of the two sureties signed in their handwriting. According to the affidavit of the attorney and of his secretary, this bond was mailed from Corinth, Mississippi, where they resided, to George W. Rutherford, Circuit Clerk, at Booneville, where the case had been tried, about 5:00 p. m. on December 30, 1955,

and according to a letter attached to the brief in opposition to the motion to dismiss the appeal, the postmaster at Corinth stated that the bond was due to have been received at Booneville about 2:20 a. m. on December 31, 1955.

There is also attached to the brief of the appellee the original letter, dated December 30, 1955, to George W. Rutherford, Circuit Clerk of Booneville, Mississippi, written by the attorney for the railroad company, which states that the supersedeas bond was being enclosed with the letter, and there is a notation in longhand at the bottom of this letter in the following words: ''I am returning bond as same is not signed by sureties. Geo.'' And there is the affidavit of George W. Rutherford attached to the brief wherein it is stated that the bond as received by him was not signed, and that he returned it to the attorney for the railroad company at Corinth on December 31, 1955.

Upon receipt of the returned bond and letter, the execution of the bond was completed and was mailed back to the circuit clerk at Booneville, and the affidavit of Nick Rutherford, who succeeded George W. Rutherford on January 2, 1956, as circuit clerk, shows that he received the executed bond on January 3, 1956 and marked the same ''filed and approved'' on the same date.

Thus it will be seen that the executed bond was not received, filed and approved until January 3, 1956, which was more than 90 days after the overruling of the motion for a new trial. The judgment was not final until the motion for a new trial was overruled. Moore v. Montgomery Ward and Company, 171 Miss. 420, 156 So. 875.

An appeal within the meaning of the statute is taken when, but not until, a bond therefor is filed and approved, where such bond is required, as in the case here. Johnson v. Miss. Power Co., 189 Miss. 67, 196 So. 642, and Davidson et al. v. Hunsicker, 224 Miss. 203, Miss., 79 So. 2d 839.

Except for the fact that the last day of the 90-day period fell on Sunday, January 1, 1956, the period of limitation would have been computed beginning October 4, 1955; but since the ninetieth day fell on Sunday, the period of limitation began to run as of October 3, 1955. But, at any rate, the 90-day period within which to take the appeal by the filing of an approved bond had expired before January 3, 1956. ■■■ The proper perfection of an appeal to the Supreme Court within the time allowed by statute is jurisdictional. Oswalt v. Austin, 192 Miss. 653, 6 So. 2d 924.

■■■ Therefore we have no alternative than to sustain appellee's motion to dismiss the appeal for want of jurisdiction. See also the cases of Duncan v. Brock, 216 Miss. 406, 62 So. 2d 562; Nichols v. Kendrick, 76 Miss. 334, 24 So. 534; and Section 705, Code of 1942.

Motion of appellee to dismiss appeal sustained.

All justices concur except Holmes, who took no part.