HUTCHINSON *v.* FERRELL, et al.

No. 43142 February 17, 1964 160 So. 2d 903

*L. B. Agnew,* Jackson, for appellant.

*Young & Young, Pat H. Scanlon,* Jackson, for appellees.

Kyle, P. J.

## ON MOTION TO DOCKET AND DISMISS APPEAL

The appeal in this case was taken by Gordon Hutchinson, complainant, from an order of the Chancery Court of the First Judicial District of Hinds County, dated August 8, 1963, overruling the appellant's "Petition or Motion to Amend to Conform to Proof and to Vacate Decree and Render New Decree or Grant a Rehearing." In its order of August 8, 1963, the chancery court declared final its prior decree entered on July 18, 1962, dismissing with prejudice the complainants' bill of complaint, with all costs taxed against the complainant. The complainants gave notice of appeal to the court reporter, and requested that the court reporter transcribe her notes of the testimony of all witnesses.

The complainants elected to prepay the cost of the transcript, and on November 8, 1963, the complainants deposited the sum of $100 with the clerk in lieu of an appeal bond, as provided in Section 1162, Miss. Code of 1942, Rec.

On January 6, 1964, one of the appellees in the above styled cause, I. A. Ferrell, filed a motion with the Clerk of this Court to docket and dismiss the appeal on the grounds that the appeal was not taken within ninety days next after the rendition of the order or decree complained of as required by Section 753, Miss. Code of 1942, Rec., and that the transcript of the record had

not been filed with the Clerk of this Court at the time of the filing of the motion to docket and dismiss.

On January 20, 1964, the appellant Gordon Hutchinson filed an answer to the motion to docket and dismiss, and in his answer stated that the order from which the appeal was taken had not become final until August 9, 1963, which was the date on which the June, 1963, term of the chancery court from which the appeal was taken was ended, and the date on which the minutes of said term were signed by the judge of the court. Appellant also averred in his answer that he had actually prepaid the cost of the transcript of the record of the trial in the lower court and had deposited $100 with the clerk in lieu of bond on November 7, 1963; that the checks covering the two items were handed personally to the reporter and to the office of the clerk just a few minutes before the close of business on November 7, 1963, but were dated November 8, 1963, for no particular reason except that it was thought that same would not be deposited until the following day. The appellant further averred that a ''Notice of Appeal and Designation of Record'' was forwarded to the court reported on August 13, 1963. The appellant admitted that a transcript of the record had not been filed in the office of the Clerk of this Court at the time of the filing of the above mentioned motion to docket and dismiss.

Section 753, Miss. Code of 1942, Rec., provides that ''Appeals to the supreme court shall be taken within ninety (90) days next after the rendition of the judgment or decree complained of, and not after * * *.''

An appeal is taken within the meaning of the statute when, but not until, a bond therefor is filed and approved where such bond is required, as in the case here. Johnson v. Mississippi Power Co., 189 Miss. 67, 196 So. 642; Davidson v. Hunsicker, 224 Miss. 203, 79 So. 2d 839; Gulf, Mobile & Ohio Railroad Co. v. Forbes, 228 Miss. 134, 87 So. 2d 488; Shirley v. Stevens, 237 Miss. 254, 114 So. 2d 661.

 The record in this case shows that the check in the amount of $100 was deposited with the chancery clerk by the appellant's attorney, in lieu of the appeal bond, on November 8, 1963.

The order overruling appellant's motion to vacate the decree and render a new decree was overruled by the lower court on August 8, 1963. The ninety days allowed by the statute for the filing of an appeal bond, or the making of a deposit of $100 in lieu of the bond, expired at the end of November 6, 1963. Since the deposit of $100 was not made in lieu of an appeal bond until November 8, 1963, there is no basis on which it can be said that the appeal was taken within ninety days next after the rendition of the decree complained of. The motion to docket and dismiss the appeal is therefore sustained, and the cause is dismissed.

Motion to docket and dismiss appeal sustained.

All justices concur.