SMITH, Justice:
This case is before the Court upon the motion of appellees, E. R. Warren and others, to docket and dismiss an appeal *124 sought to be taken by appellant, C. T. Wood, from a decree of the Chancery Court of Tishomingo County creating the Town of Golden, as an incorporated municipality, under the provisions of Mississippi Code Annotated section 3374-01 et seq. (1956).
It is contended by movants that no appeal bond was filed within ten days of the date of the decree creating the municipality, as required by Mississippi Code Annotated section 3374-08 (1956). That section provides :
“Any person interested in or aggrieved by the decree of the chancellor, and who was a party to the proceedings in the chancery court, may prosecute an appeal therefrom to the supreme court within ten (10) days from the date of such decree by furnishing an appeal bond in the sum of five hundred dollars ($500.00) with two good and sufficient sureties, conditioned to pay all costs of the appeal in event the decree is affirmed. * * * ”
Mississippi Code Annotated section 3374-05 (1956) provides, in part:
“ * * * The decree of the chancellor, either creating or denying such municipal corporation, shall become effective after the passage of ten (10) days from the date of such decree, unless an appeal be taken therefrom as is hereinafter provided.”
Mississippi Code Annotated section 3374-06 (1956) provides, in part, as follows:
“In the event the decree of the chancellor be in favor of the creation of such municipal corporation and no appeal is taken therefrom within ten (10) days from the date of such decree, as is hereinafter provided, the chancery clerk shall forward to the secretary of state a certified copy of the decree * * * ”
Under the decisions of this Court, an appeal is taken when the appeal bond is filed, where such a bond is required. Hutchinson v. Ferrell, 248 Miss. 700, 160 So.2d 903 (1964); Shirley v. Stevens, 237 Miss. 254, 114 So.2d 661 (1959); Gulf, M. & O. R. R. v. Forbes, 228 Miss. 134, 87 So.2d 488 (1956); Davidson v. Hunsicker, 224 Miss. 203, 79 So.2d 839, 80 So.2d 834 (1955); Johnson v. Mississippi Power Co., 189 Miss. 67, 196 So. 642 (1940).
Ordinarily, the period limited for taking an appeal begins to run on the day following entry of the judgment or decree-sought to be appealed from. Gulf, M. & O. R. R. v. Forbes, supra; Davidson v. Hunsicker, supra; Duncan v. Brock, 216 Miss. 406, 62 So.2d 562 (1953).
Under the provisions of Section 3374-08, supra, the appeal must be taken within “ten days from the date of such decree”.
The decree in the present case- was-signed in vacation by the chancellor on December 9, 1965. It was prepared by-counsel for appellees and mailed to him for signature. Copies of the decree and of the letter of transmittal were mailed. to> counsel for appellant.
After the decree was signed by the chancellor, it was returned to counsel for ap-pellees, who, on December 13, 1965, advised appellant’s counsel that it had been signed,, and that he had it in his possession. It was filed with the clerk on December 15,. 1965.
An appeal bond in the penalty of $500 was executed by appellant with United States Fidelity & Guaranty Company, as-surety. This bond was written through B. E. Wright, Jr., agent of the surety company.
The contention of appellant that the bond was filed with the clerk on December 23, 1965, must rest upon the statement of Mr. Wright that he executed the bond on behalf of the surety and “personally delivered said executed bond to R. D. Sims, Chancery Clerk of Tishomingo County, Mississippi on December 23, 1965, and that said bond *125 was thereupon approved by said Clerk, but affiant (Wright) has no knowledge as to the handling of said bond thereafter.” On the other hand, Mr. Sims, the chancery clerk, asserts that he received the bond through the mail in a letter addressed -to him by counsel for appellant, dated December 28, 1965, a photocopy of which is in the record, and which contains this language : “I enclose herewith an appeal bond in the above matter which has been executed by Mr. C. T. Wood (the appellant) with United States Fidelity & Guaranty Company, as surety. Please file this bond and proceed to prepare the record.” The clerk states further that he did not receive this bond until he got the letter on December 29, 1965, and that it was filed and approved by him on December 29, 1965, “notwithstanding the typewritten date of ‘23 day of December 1965’,” that being the date which appeared on the bond as the date on which it had been approved. The clerk’s endorsement on the bond shows December 29, 1965, as the filing date.
The filing of an appeal bond, where required, within the time limited by statute, has been held by this Court to be jurisdictional. Gulf, M. & O. R. R. v. Forbes, supra; Oswalt v. Austin, 192 Miss. 653, 6 So.2d 924 (1942).
In the case now before us, even if the period of limitation should be computed as beginning on December 16th, the day following the date on which the decree was filed with the clerk (rather than from December 9th, the date of the decree), the last day of the ten-day period would have been December 25, 1965. If Christmas Day may be excluded, December 26, 1965 would be the last day of the period. Obviously, if the bond were filed on December 23rd, it was filed within a period of ten-days from the filing date of the decree; if it was not filed until December 29th, the period of limitation had then expired and the right to appeal had become barred.
It is admitted that a copy of the decree was sent to counsel for appellant, together with a copy of the transmittal letter, when it was forwarded to the chancellor for signature, that it was signed by the chancellor on December 9th, and that on December 13th, counsel for appellee informed counsel for appellant that it had been signed by the chancellor. It was actually filed with the chancery clerk on December 15th.
Unless it can be said that the chancery clerk is mistaken as to the date on which the bond was filed with him, or that the agent for the surety company did obtain approval of the bond on December 23rd, and that obtaining such approval constituted a filing of the bond within the meaning of Mississippi Code Annotated section 1238 (Supp.1964), then the motion to docket and dismiss must be sustained. The agent makes no assertion that he filed the bond with the clerk, nor that he attempted to do so. If it should be assumed that the agent is correct in saying that he obtained the clerk’s approval of the bond on December 23rd, the bond was not then filed with the clerk as contemplated by section 1238, supra. The clerk says that he received the bond for filing on December 29, 1965, in the letter of appellant’s counsel, dated December 28, 1965, and this is supported by the letter itself. See Meridian National Bank v. Hoyt & Bros. Co., 74 Miss. 221, 21 So. 12, 36 L.R.A. 796 (1896).
The legislature has considered it necessary, for reasons of public policy, to limit the time for appeal from a decree creating a municipality, to ten days from the date of the decree. The bond in this case was not filed within that period, nor was it filed within ten days from the date on which appellant was informed that the decree had been signed, nor within ten days from the date on which it was filed.
The Motion to Docket and Dismiss is sustained.
Motion to docket and dismiss sustained.
All Justices concur.