RODGERS, Presiding Justice,
for the Court.
ON MOTION TO DOCKET AND DISMISS
I.
Two of the appellees, Druce Parker Henn and Southern Seafoods, Inc., have moved the Court to docket the appeal of A. F. Summer from a decree of the Chancery Court of the First Judicial District of Hinds County, Mississippi, dated July 8, 1975, and to dismiss the appeal for failure to timely file an appeal bond.
The motion alleges:
(1) That a final decree was entered by the Chancery Court of the First Judicial District of Hinds County, Mississippi, on July 8, 1975, adjudging the appellees-mov-ants herein to be entitled to the sum of $10,000 plus accrued interest interpled into that court (the appellant, A. F. Summer, having contended that he was entitled to said funds.)
*752 (2) The term of the Chancery Court of the First Judicial District of Hinds County, Mississippi, ended on August 8, 1975, at which time the minutes were closed.
(3) That no cost appeal bond was filed until September 25, 1975, being in excess of the forty-five day period in which a bond must be filed as prescribed by Mississippi Code Annotated section 11-51-5 (Supp.1975).
The appellant responded to the motion to docket and dismiss and pointed out that on July 17, 1975, he gave notice to the official court reporter to preserve and transcribe her notes for use in preparing the record for appeal, and filed a copy of same with the chancery clerk on that same day. Also, on July 21, 1975, the appellant filed a Motion for Stay of Execution and Motion for Leave to Appeal Without Supersedeas Bond and prayed that the court stay the execution of the court’s final decree of July 8, 1975, insofar as it ordered the clerk of the chancery court to disburse the inter-pled funds. The appellees contested the motion and the chancery court did not sustain said motion until September 25, 1975, which was in excess of the forty-five day period allowed by section 11-51-5 to file an appeal bond. After the court sustained the motion of appellant to appeal without filing a supersedeas bond (which order contained the provision that it was “ . . . entered without prejudice to any challenge which may exist to the timely perfection of this appeal under applicable law”), a cost bond was immediately filed on September 25,1975.
The appellant contends that his appeal from the decree of the chancery court ordering disbursement of the funds which had been interpled is not governed by Mississippi Code Annotated section 11-51-31 (1972) which provides:
On appeal from ... a final decree of the chancery court where the appellant shall desire a super-sedeas, bond shall be given by the appellant, payable to the opposite party, in a penalty of one hundred twenty-five per cent (125%) of the amount of the decree or judgment appealed from, or one hundred twenty-five per cent (125%) of the amount of the value of the property or other matter in controversy .
It is his contention that since the money in question was actually in the hands of the court, the amount of the supersedeas appeal bond was governed by Mississippi Code Annotated section 11-51-43 (1972), which provides:
In any case of an appeal to the supreme court, where no special provision is made by law for a supersedeas of the judgment or decree appealed from, or for the bond to be given in such case, a supersedeas may be allowed by the court rendering the judgment or decree appealed from or by the judge thereof, or by the supreme court or any of the judges of said court, upon such bond, with such sureties as said court or judge may direct in the order for a supersedeas. (Emphasis added).
In support of this proposition appellant cites Aetna Insurance Company v. Robertson, State Revenue Agent, 127 Miss. 440, 90 So. 120 (1921), which involved a money judgment against the appellant, Aetna and others, in the amount of $8,000,000 as well as an order of the lower court that some $500,000 of impounded monies be paid over to the appellee, State Revenue Agent. There the Court said:
The insurance companies appealed from the decree against them for $8,000,000 [eight million dollars] without supersedeas, and applied to Justice Anderson for a supersedeas as to that portion of the decree directing the impounded funds to be forthwith paid over to the revenue agent. . . . (127 Miss. at 442, 90 So. at 120).

[W]e are of the opinion that the requirements of this section [the forerun *753 ner of section 11-51-31 above quoted] have no application to the granting of the supersedeas staying that part of the judgment ordering the immediate paying over of the impounded funds to the revenue agent, because that part of the judgment ordering the paying over of the funds is separable from the main judgment of liability for $8,000,000 [eight million dollars], as it is a separate order with reference to the disposition of the money, or property, in the hands of the court, while the main judgment is a judgment of liability to pay, which is not stayed, except so far as it may be involved in the order to forthwith turn over the impounded money to the successful litigant. This being true, we think the granting of the supersedeas by Justice Anderson[1] was clearly authorized by the said section 56, Code of 1906 (Section 32, Hemingway’s Code). (Emphasis added). (127 Miss. at 444 45, 90 So. at 121).
The Court went on to say:
The law requiring security by bond for appeals with supersedeas rests upon the just principle that the successful litigant shall be saved harmless from loss, and secured in the fruits of his victory. This is all that should be required of the losing litigant who desires that his case be reviewed on appeal, and that the status quo be maintained until a final decision is rendered in the cause.
Here we have the actual money safely impounded in the hands of the court, to be turned over or applied according to the judgment of the court when finally given. There can be no good reason or necessity for requiring by bond the forthcoming of the money at the final decision when the money is already in the hands of the court. No harm or damage can come to the successful litigant so far as this money is concerned by staying it in the safe possession of the court, because a bond has been required and furnished which amply provides for any loss in the way of interest, statutory damages, and the cost of the appeal. (127 Miss. at 446-47, 90 So.2d at 122).
The appellant argues that in view of the Aetna decision, his Motion for Stay of Execution and Motion for Leave to Appeal without Supersedeas Bond was properly pending before the chancery court during the forty-five day period during which an appeal bond would ordinarily have been required to be filed; and, that the statute, section 11-51-5, limiting the time (45 days) in which an appeal bond must be filed was tolled until such time as the chancery court ruled on the motion. Appellant contends that he had no way of knowing whether he would be required to post a bond in the amount of 125 percent of the judgment as provided in section 11-51-31 or whether he would only be required to post a bond in the penalty of $500 conditioned for the payment of all costs of appeal as provided in section 11-51-29.
On the other hand, the movants-appellees strenuously argue that section 11-51-5 is controlling. That section provides: “Appeals to the supreme court shall be taken within forty-five (45) days next after the rendition of the judgment or decree complained of, and not after, . . . .”
The only exception to the forty-five day period, prescribed by section 11-51-5 in which to file an appeal bond, that this writer has been able to find was where a motion for judgment notwithstanding the verdict or a motion for a new trial was filed. In those cases, this Court held that *754 the period of time in which to file a bond does not run until the motions have been ruled on. Davidson v. Hunsicker, 224 Miss. 203, 79 So.2d 839 (1955); Johnson v. Mississippi Power Co., 189 Miss. 67, 196 So. 642 (1940).
In the case now before us, the appellant’s Motion for Stay of Execution and Motion for Leave to Appeal without Su-persedeas Bond did not in any way affect the finality of the final decree rendered on July 8, 1975, as would a motion for a new trial or motion J.N.O.V. See McGill v. City of Laurel, On Motion to Docket and Dismiss, 252 Miss. 740, 168 So.2d 50, 173 So.2d 892 (1964); Moore v. Montgomery Ward & Co., 171 Miss. 420, 156 So. 875 (1934).
We have held many times that the posting of a cost bond within the forty-five day period of time prescribed by section 11-51-5 is jurisdictional and requires strict compliance. Fisher v. Crowe, 289 So.2d 921 (Miss.1974); National Distillers Products Co. v. City of Jackson, 227 So.2d 477 (Miss.1969); Davidson v. Hunsicker, supra; Johnson v. Mississippi Power Co., supra. In Johnson v. Mississippi Power Co., supra, Chief Justice Smith, speaking for the Court, said: “That statute is plain and unambiguous and must be enforced as written.” (189 Miss. at 73, 196 So. at 644).
When it became apparent that no ruling would be had on the appellant’s Motion for Stay of Execution and Motion for Leave to Appeal without Supersedeas Bond within the forty-five day period, the appellant was required to post a cost bond as provided under section 11-51-29 within the forty-five day period. He could then have filed a motion to the Supreme Court for supersedeas as was done in the Aetna case and as is provided for in section 11-51-43.
In order to uphold the appellant’s contention that the running of the statute (section 11-51-5) was tolled by the filing of his Motion for Stay of Execution and Motion for Leave to Appeal without Su-persedeas Bond, it would be necessary for us to engraft an exception to a long-standing rule. To do so would create one more period of delay in getting appeals to this Court and would be contrary to our efforts to speed up the appellate process.
II.
The appellant next contends, in response to the Motion to Docket and Dismiss, that a cost bond could not have been properly filed during the forty-five day period because the chancery clerk failed to perform his duty under section 11-51-29, to apply to the chancery judge for an order setting bond. He alleges that the chancery clerk had indicated that bond in excess of the $500 provided for by the statute would be required; but that the clerk did not accede to counsel’s request to obtain an order from the court fixing a larger bond as provided by section 11—51— 29. Appellant charges that the clerk’s duty in this regard is mandatory and not permissive. This contention is without merit. Until such time as the court entered an order requiring a greater bond than that provided by the statute, appellant had the right to tender a bond in the sum of $500 with proper sureties as provided by the statute; and, the clerk would have had no authority to refuse to take the bond on the contention that the penalty of the bond was not sufficient. Under these circumstances, the clerk could, if he deemed it necessary, request the court to require additional bond. There is nothing in this record to show that appellant tendered any bond. Therefore, he is in no position to successfully claim that the clerk failed to perform any duty on his part. Section 11-51-29 provides: “ . . . [where] the transcript of the record and of the appeal will exceed five hundred dollars, such clerk or party may apply to the court in which such suit shall have been decided . . . fixing the amount of such bond for costs on appeal.”
*755 There is nothing mandatory about section 11-51-29 which requires the clerk or any party to apply for additional bond. The statute only provides that such persons may apply for a greater bond if the cost of appeal will exceed $500.
We are, therefore, of the opinion that since no "appeal bond was filed within the time required by section 11-51-5 that the motion to docket and dismiss should be sustained.
Motion to Docket and Dismiss sustained.
All Justices concur.

. The order of Justice Anderson granting the supersedeas provided that the appellant insurance companies enter into “a bond of $500 [five hundred dollars] to cover the cost of appeal, and the further sum of 25 [twenty-five] per cent of the amount of their respective funds impounded, conditioned to pay damages and interest should the decree of the lower court in the main case be affirmed.” (127 Miss. at 442, 90 So. at 120).