ROBERTSON, Justice,
for the Court:
After a trial on the merits, a judgment was rendered, on July 30, 1972, in favor of Lydia M. Barnes against State Mortgage and Investment Company, Inc., by the County Court of the First Judicial District of Hinds County. State Mortgage timely perfected its appeal to the circuit court. The record was filed in the circuit court on September 11, 1972.
The appellee, on October 20, 1972, filed a motion to dismiss the appeal because the appellant had not filed an assignment of error or brief within 30 days of the filing of the record, as required by local rules of procedure of the Circuit Court of the First District of Hinds County.
Paul G. Alexander, attorney for appellee, certified that he mailed a copy of the motion to: “George W. Roberts (sic), Jr., 1201 Cherry Street, Vicksburg, Mississippi, Attorney for appellants”, on October 20, 1972, which was a Friday. On the following Wednesday, October 25,1972, the motion to dismiss was sustained, and a judgment was taken dismissing the appeal and affirming the judgment of the county court.
The attorney for the appellant on the appeal, George W. Rogers, Jr., of the Vicksburg Bar, on November 1,1972, filed a motion to reinstate the appeal, asserting that he was not a member of the Hinds County bar, did not try the case in the Hinds County Court, and was not familiar with the local rules, but that upon receipt of a copy of the Motion to Dismiss, he immediately contacted Thomas Sanford, the attorney who had represented the appellant in the trial court. Rogers was assured by Sanford that he had contacted Paul Alexander, the attorney for the appellee; that Sanford had:
“[Gjained the understanding that said motion would be set for hearing and appellant would be provided an opportunity upon hearing thereof to request additional time and present the same to the Court and so reported this conversation to the undersigned.”
The motion to reinstate the appeal continued:
*15 “3. That, immediately thereafter, the Attorney for the appellant presented an order to the Court dismissing the appeal without notifying either the undersigned or the Honorable Thomas Sanford that this was being done and the said order was entered prior to the time that either Honorable Thomas Sanford or the undersigned knew that it was being presented to the Court.
“4. That the undersigned has since secured copies of the rules of this Court governing appeals and did show that Rule 5 thereof reads as follows:
‘Rule 5. After the record is filed in this Court, if no action is taken by the appellant and none of the requirements of the above have been complied with, after sixty (60) days the appeal may be dismissed and the judgment of the lower Court reentered.’ ”
Appellant then stated in its motion that 60 days had not elapsed, and that even under Rule 5 of the local rules the appeal should not have been dismissed, and that the appeal should be reinstated.
Appellant then promised in its motion that:
“[Assignment of errors will be filed immediately and the brief on behalf of appellant will be filed with the Court and delivered to the counsel for the appellant on or before November 10, 1972, or sooner, if ordered by the Court, . . . .”
The senior Hinds County Circuit Judge, Honorable M. M. McGowan, who had dismissed the case, was sick at the time and for a long time thereafter and has since passed away. The motion to reinstate the appeal was overruled on June 9, 1975, by Honorable Francis S. Bowling, the circuit judge who succeeded Judge McGowan.
The appellee contends that the judgment of the circuit court of October 25, 1972, dismissing the appeal for failure to comply with Rule 1 of the local rules of court:
“[Bjecame final upon the expiration of the time for appeal and that, even if the allegations set out by the Appellant in its Motion to Reinstate Appeal were true, the Court was powerless to act to set aside the judgment almost three years later in 1975.”
A motion to reinstate the appeal is analogous to a motion for a new trial or a motion for judgment n.o.v. and tolls the running of the statute of limitations on perfecting an appeal to this Court.
In Moore v. Montgomery Ward & Co., 171 Miss. 420, 156 So. 875 (1934), this Court said:
“At common law a judgment was not entered until all motions which challenged its validity or correctness were disposed of; and while under our practice the clerk enters the judgment when rendered, it is nevertheless subject to the control of the trial court, and may be modified or vacated by the court in response to a motion for a new trial, or other proper motion challenging the judgment, if the motion be seasonably made; and this control continues, as at common law until the motion is finally ruled upon.
“. . . when seasonably made the trial court must dispose of that motion, and until so done, the judgment remains, none the less, under the control of the trial court and, as respects the matter of appeal, is not final.” 171 Miss, at 422-24, 156 So. at 875-76. (Emphasis added).
In order to show good cause for reinstatement, the appellant on November 21, 1972, filed an assignment of error and brief in support thereof in the Circuit Court of the First Judicial District of Hinds County, Mississippi, and mailed a copy thereof to Paul G. Alexander, Attorney for the appellee, on that day.
This Court is of the opinion that the Circuit Court was in error in overruling the motion to reinstate the appeal, and that the motion to reinstate the appeal should have been sustained.
The judgment is, therefore, reversed, and this cause remanded to the Circuit Court for its review on the merits.
REVERSED AND REMANDED.
*16 GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, SUGG, WALKER, BROOM and LEE, JJ., concur.