LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. Dr. Rebecca Coleman and Thomas Mallory were married on August 10, 1991. Coleman and Mallory had two children during this time, Travis, born on February 6, 1992, and Garrett, born on March 25, 1993. In September 1993, Coleman and Mallory separated. The parties stayed separated until May 1995, when Mallory was arrested, extradited to Georgia and served a term in prison until October 1998. Upon his release Mallory moved back to Coleman’s home in Hernando, Mississippi. In February 2002, Mallory left Coleman and instituted divorce proceedings on September 11, 2003.
¶ 2. A trial was held on March 4, 2004, in the DeSoto County Chancery Court. On March 8, 2004, the chancellor awarded Coleman and Mallory an irreconcilable differences divorce and awarded custody of the couple’s children to Coleman with liberal visitation given to Mallory. The chancellor also awarded Mallory an interest in the marital property totaling $47,125, which included personal property, bank accounts, retirement funds and real property. Coleman was ordered to pay Mallory his interest on or before thirty days from the date of the order, March 8, 2004.
¶ 3. On March 18, 2004, Coleman filed a motion for a new trial. Mallory filed a response to Coleman’s motion for a new trial and also a motion for citation of contempt alleging that Coleman had failed to comply with the chancellor’s order. For various reasons, the motion for a new trial *74 was not heard until November 3, 2004. The chancellor denied Coleman’s motion for a new trial. The chancellor also found Coleman to be in contempt for failure to pay Mallory within thirty days and awarded Mallory over seven thousand dollars in attorney’s fees. The chancellor ordered Coleman incarcerated until the money, including attorney’s fees, was paid to Mallory. Aggrieved, Coleman now appeals to this Court asserting the following: (1) the chancellor erred in awarding Mallory $47,125; (2) the chancellor erred in finding her in contempt; and (3) the chancellor erred in awarding attorney’s fees to Mallory in the contempt action. Finding error in regards to issues two and three, we affirm in part and reverse and render in part.
STANDARD OF REVIEW
¶ 4. When reviewing the decisions of a chancellor, this Court applies a limited abuse of discretion standard of review. McNeil v. Hester, 753 So.2d 1057(¶ 21) (Miss.2000). The findings of the chancellor will not be disturbed “unless the chancellor was manifestly wrong, clearly erroneous, or applied the wrong legal standard.” Id.
DISCUSSION
I. DID THE CHANCELLOR ERR IN AWARDING MALLORY $47,125?
¶ 5. In her first issue on appeal, Coleman argues that the chancellor erred in dividing the parties’ property, including their home and Coleman’s retirement accounts. In determining the equitable distribution of the parties’ property, the chancellor referred to Ferguson v. Ferguson, 639 So.2d 921 (Miss.1994), and Hemsley v. Hemsley, 639 So.2d 909 (Miss.1994), for guidance. The chancellor determined that the ninety-nine acres in DeSoto County had a value of $200,000 and that Mallory’s contribution consisted of approximately $35,000 for general upkeep and construction of improvements. The chancellor determined that Mallory had a one-sixth interest in the property, which was calculated to be $33,000. The chancellor did take into account the period of Mallory’s incarceration in determining his share in the property.
¶ 6. The chancellor found that Mallory was also entitled to a portion of Coleman’s retirement funds for the period that he was not incarcerated. The amount was calculated to be $9,625. The chancellor also awarded Mallory a portion of the personal property accumulated during the parties’ marriage. This share consisted of $4,500. The chancellor also stated that he took into account Coleman’s actions in placing Mallory’s belongings in a box and leaving them on the road. The total amount awarded to Mallory was $47,125. We cannot find any error on the part of the chancellor in finding such; thus, this issue is without merit.
II. DID THE CHANCELLOR ERR IN FINDING COLEMAN IN CONTEMPT?
¶ 7. In her second issue, Coleman argues that the chancellor erred in finding her in contempt for failure to pay to Mallory the $47,125 within thirty days after the judgment was entered on March 8, 2004. The chancellor stated as follows:
On the 18th day of March, a motion for new trial was filed. However, that does not toll the statute or rather toll the requirements of the judgment of divorce with respect to the 30 days. Now some eight days later it is admitted that that amount has not been paid, nor is there any evidence before the Court that any amount has been arranged to be paid following this hearing. Accordingly, the *75 Court finds that the conduct of the defendant in failing to pay the amount of $47,125 constitutes contempt, and a judgment for that amount is awarded in that amount, and again, constitutes a lien on the property located in DeSoto County, Mississippi, described in that judgment of divorce.
¶ 8. However, Mississippi Rule of Civil Procedure 62(a) states that “no execution shall be issued upon a judgment nor shall proceedings be taken for its enforcement until the expiration of ten days after the later of its entry or the disposition of a motion for a new trial.” The comment to Rule 62 further states that this stay prevents the enforcement of a judgment as defined in Rule 54(a). M.R.C.P. 62 cmt. See Bruce v. Bruce, 587 So.2d 898 (Miss. 1991) (Rule 59 motions stay the running of the thirty day time period for appeal purposes and for the enforceability of the judgments); Davidson v. Hunsicker, 224 Miss. 203, 79 So.2d 839 (1955) (judgment is not final until motion for a new trial is overruled). The chancellor clearly erred in finding Coleman in contempt; thus, we reverse and render on this issue.
III. DID THE CHANCELLOR ERR IN AWARDING ATTORNEY’S FEES TO MALLORY IN THE CONTEMPT ACTION?
¶ 9. As we find that the chancellor erred in citing Coleman for contempt, we also find that the award of attorney’s fees to Mallory was improper and should likewise be reversed.
¶ 10. THE JUDGMENT OF THE DE-SOTO COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANT AND ONE-HALF TO THE APPELLEE.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.