539 So.2d 1029 (1989)
In re ESTATE OF Robert TAYLOR, Deceased.
Joyce Perkins
v.
Lizzie Lee THOMPSON, Thelma Lee Newton, Booker T. Lee and Western Surety Co.
No. 59381.
Supreme Court of Mississippi.
February 9, 1989.
Ceola James, Vicksburg, for appellant.
C. Ashley Atkinson, William Timothy Jones, Bert H. Jones, McComb, and Frank T. Moore, Jr., Calvin S. Wells, Wells, Moore, Simmons, Stubblefield & Neeld, Jackson, for appellees.
En Banc:
ON EMERGENCY MOTION TO GRANT A STAY OF EXECUTION PENDING REVIEW OF A CONTESTED SUPERSEDEAS BOND
PRATHER, Justice, for the Court:
This appeal addresses for the first time an interpretation of Mississippi Supreme Court Rule 8 relating to a stay of judgment pending appeal under a supersedeas bond.
The merits of this case concern the distribution of the estate of Robert Taylor, deceased. Joyce Perkins claimed to be the illegitimate child of the deceased. From a judgment against her in the Chancery Court of Warren County she attempted to perfect an appeal before this Court. A dispute arose over the amount, the sufficiency, and the form of her supersedeas bond. The appeal now before this Court concerns only the bond issue, not the merits of the case. Ms. Perkins raises the following issues:
(1) May the appellant in her capacity as administratrix of the Taylor estate under bond appeal without posting a supersedeas bond?
(2) Is the amount of the appellant's bond sufficient?
*1030 (3) Is the technical form of the appellant's bond sufficient?

I.
For background purposes, a brief reference to the merits of the case is necessary. Joyce Perkins claimed to be the illegitimate daughter of the deceased Robert Taylor, and thus his heir. Perkins had qualified as administratrix of Taylor's estate, which estate was in due course closed. Subsequently, the present litigation began by the brothers and sisters of the decedent reopening the estate alleging that Perkins was not an heir at law.
Since the full record of the case on the merits is not before the Court at this time, the partial record before this Court leaves the full facts somewhat in doubt. It appears that the personal assets of the estate were returned to the court upon an adverse finding of heirship against Joyce Perkins. If this is true, then the realty, and its improvements, the cash, stocks and bonds are all under the direction of the chancery court in the administration of Robert Taylor's estate. The record that is before us apparently shows the assets and their value to be:

 Real property $104,000.00
 Improvements 17,000.00
 Cash on hand 157,000.00
 Series E. Bonds 12,000.00
 129 Shares of IBM stock 16,000.00
 ___________
 TOTAL $306,000.00

Apparently, Western Surety Company, the bonding company that underwrote Perkins' administratrix's bond, asked to intervene and sought recovery. The chancery court entered a judgment for Western Surety against Perkins in the amount of $39,155.65 pursuant to an indemnity agreement she had signed with Western Surety Company. Judgment was also entered against her for interest totaling $3,708.10; thus the total judgment given Western Surety against Perkins amounted to $42,863.75. Upon receiving such judgment, Western Surety sought to garnish monies that the chancery court decreed due Joyce Perkins from the estate funds. Perkins was unsuccessful in her effort to prevent the issuance of the writ of garnishment.
On January 29, 1988, Ms. Perkins filed a petition for rehearing of her motion to quash the writ of garnishment in this Court. This Court granted a rehearing under the new rules of the Supreme Court, and all parties responded voluntarily. In an order styled, Misc. No. 2453-C, dated February 24, 1988, this Court granted a supersedeas or stay of the chancellor's awarding of a money judgment. This Court affirmed the amount of the bond for $125,000 and remanded the case to the trial court to test the sufficiency of the new bond.
The chancery court held another hearing on March 8, 1988. At the conclusion of this hearing, the chancellor rendered his opinion, and entered an order pursuant to this decision. In this order the chancellor found the bond to be insufficient both as to the amount of the bond and to the form.
Ms. Perkins filed a third petition for rehearing on the bond on March 17, 1988, and the hearing was held in the Chancery Court of Warren County on April 29, 1988. In an order dated May 6, 1988, the chancellor once again found the bond to be insufficient, both as to form and as to the money amount. Ms. Perkins then filed a notice of appeal to this Court, dated May 13, 1988. By a judgment dated August 2, 1988, the chancellor closed the Taylor estate. Ms. Perkins sought a stay of the closing of the estate of Robert Taylor and the issuance of a garnishment against her assets pending review by this Court of the heirship questions.
In an order dated August 10, 1988, this Court stayed the closing of the estate pending consideration of this appeal on the bond issue. Therefore, the limited issue in this opinion is on an emergency motion to grant a stay of execution pending review of the contested supersedeas bond.

II.

CAN THE APPELLANT APPEAL IN HER CAPACITY AS ADMINISTRATRIX UNDER BOND WITHOUT POSTING A SUPERSEDEAS BOND?
Joyce Perkins claims that since she is appealing in her capacity as administratrix *1031 of the Taylor estate she need not post a further supersedeas bond. Her authority for this claim is found in § 11-51-99 of Miss. Code Ann. (Supp. 1988), which reads as follows:
Executors, administrators, and guardians, except those who have not given bonds as such, may appeal from any judgment, decree, or order affecting them in their fiduciary character, and shall have a supersedeas on such appeal, without bonds for supersedeas; but they shall pay the costs of the lower court including the supreme court filing fee.
This assignment of error fails for the simple reason that Ms. Perkins is no longer the administratrix of the Taylor estate. Since Ms. Perkins is no longer the administratrix of the estate, she no longer can claim § 11-51-99 as a basis for not having to file a supersedeas bond in this case. Therefore, this assignment of error is without merit.

III.

IS THE AMOUNT OF THE APPELLANT'S SUPERSEDEAS BOND SUFFICIENT OR EXCESSIVE?
The procedure by which an unsuccessful litigant seeks a stay of the execution of a judgment appealed from is a supersedeas. The granting of a supersedeas commands the staying of a proceeding at law and prohibits the enforcement of the trial court's judgment pending review. To secure such a stay of proceedings, it is necessary that the litigant secure a sufficient bond in the amount set by the trial judge.
In the instant case, it is necessary that this Court look to the general purpose of the supersedeas bond, which is to effect absolute security to the party affected by the appeal. In Re Watkins' Estate, 114 Vt. 109, 41 A.2d 180 (1944); Ricci v. Bove's Estate, 116 Vt. 335, 75 A.2d 682 (1950). The amount of a supersedeas bond should be sufficient to protect the appellee in his judgment; therefore, it should insure the payment of the judgment and interest, and any waste that could occur pending the appeal. If the appeal is affirmed, the appellee should be able to satisfy the payment of the judgment in full, together with costs, interest, and the damages for delay.
The bond is the typical means of giving the appellee security. However, the Court may approve security in the form of cash or property. The judgment may be secured in other ways such as the Court's taking possession of personal property or otherwise providing for a method to insure payment of the appellee's judgment.
In this state, the controlling guideline in determination of the form, amount, and procedure for supersedeas bonds is Mississippi Supreme Court Rule 8, effective January 1, 1988, and governing all proceedings in appeals and other proceedings subsequently brought such as this motion.[1] It *1032 should also be noted regarding a stay of proceeding that under M.R.C.P. 62 that there is an automatic stay of a trial court judgment until the expiration of ten (10) days after its entry or the disposition of a motion for a new trial, whichever last occurs.
Rule 8(a) applies to a money judgment, while Rule 8(b) applies to other than money judgments. This Rule follows the abrogated statute, Miss. Code Ann. § 11-51-31 (Supp. 1986) (See Newell v. State, 308 So.2d 71 [Miss. 1975]), and Ala.R.App.P. 8(a), as is noted in the Comment to the Rule. Regarding money judgments, the trial court clerk may approve a supersedeas bond in the amount of 125% of the judgment under Rule 8(a). However, for stays other than money judgments, the application for a stay must ordinarily be sought in the first instance from the trial judge. Such is the factual situation in the instant case.
As noted earlier, prior to the effective date of the new Supreme Court Rules, the chancellor in the instant case set the figure required for the supersedeas bond at $125,000. His guide for setting the bond figure was Miss. Code Ann. § 11-51-31 (Supp. 1988), which was applicable prior to January 1, 1988.
On appeal from any interlocutory decree, where the chancellor shall allow a supersedeas, and on appeal from a final decree of the chancery court, or the final judgment of a circuit court where the appellant shall desire a supersedeas, bond shall be given by the appellant, payable to the opposite party, with two (2) or more sufficient resident sureties, or one or more guaranty or surety companies authorized to do business in this state in a penalty of one hundred twenty-five percent (125%) of the amount of the decree or judgment appealed from, or one hundred twenty-five percent (125%) of the amount of the value of the property or other matter in controversy, to be determined by the officer granting the appeal, conditioned that the appellant will satisfy the judgment or decree complained of, and also such final judgment as may be made in the cause, and a supersedeas shall not issue until such bond shall have been given. Provided, however, on application of the appealing party, the court rendering the judgment from which the appeal is taken may, after notice and hearing and for good cause shown, set the supersedeas bond in an amount less than the one hundred *1033 twenty-five percent (125%) stated hereinabove. The ruling of the court on the application for reduction of bond shall be reviewable by the court to which the appeal is taken. A supersedeas shall not be granted in any case pending in the Supreme Court, unless the party applying for it shall give bond as above required. (Emphasis added).
This provision of the Code authorizes the setting of supersedeas bond figures at one hundred twenty-five percent (125%) of the amount of the decree or judgment or one hundred twenty-five percent (125%) of the amount of the value of the property or other matter in controversy. In the case before us, the amount of the judgment was approximately $40,000 and the value of Robert Taylor's estate was approximately $300,000. Thus, the bond figure could have been set at approximately $50,000 based on the value of the judgment and $375,000 based on the value of the estate. In an effort to avoid placing what he considered to be too heavy a burden on the appellant and in the interest of being fair, the chancellor set the supersedeas bond at $125,000. The chancellor did have the discretionary right to set the bond figure at less than one hundred twenty-five percent (125%) of the value of the judgment or the property in question pursuant to § 11-51-31.
At each of the three subsequent hearings concerning the supersedeas bond, the chancellor found Ms. Perkins' efforts to post the $125,000 bond to be insufficient. In attempting to reach the $125,000 figure set for the supersedeas bond, the appellant had pledged some $19,000 she would receive as part of the disbursements of chancery court judgment, some land in Warren County worth allegedly approximately $31,000, and some property in Hinds County worth allegedly approximately $89,000.
On the former motion before this Court for a stay, this Court approved the amount of the supersedeas bond set by the chancellor at $125,000.00. Mississippi Supreme Court Rule 8(c) recognizes that the movant must show facts relied upon since a record is not before the Court. Munford Mississippi Supreme Court Practice, "Stay Pending Appeal", (1987). On this second motion before this Court with a partial record regarding the bond proceedings and with briefs, it now appears that estate assets have been transferred to the newly appointed administrator. Assuming then that this is a fact, and assuming that the appellant Perkins has no control over the estate assets, but rather, that the assets are under the chancery court's direction with a new administrator, this Court is in a better position to evaluate the bond amount.
Our case law suggests a different amount. The case of Aetna Insurance Company v. Robertson, 127 Miss. 440, 90 So. 120 (1921) controls our revaluation of the issue regarding the amount of the bond. The Aetna case represents a factual situation analogous to the instant case. In Aetna, the State Revenue Agent received a money judgment against the appellee Aetna, et al, for $8,000,000 together with an order of the trial court that some $500,000 of impounded funds be paid over to the appellee State Revenue Agent. The Aetna opinion holds:
The insurance companies appealed from the decree against them for $8,000,000 without supersedeas, and applied to Justice Anderson for a supersedeas as to that portion of the decree directing the impounded funds to be forthwith paid over to the revenue agent.
... .
We think it is unquestionably true that the decree in this case for $8,000,000 is a money judgment, and that no stay of its execution by supersedeas could be granted unless the provisions of the last section above were complied with by the execution of bonds in a penalty double the amount of the judgment appealed from, to wit, $8,000,000; but we are of the opinion that the requirements of this section have no application to the granting of the supersedeas staying that part of the judgment ordering the immediate paying over of the impounded funds to the revenue agent, because that part of *1034 the judgment ordering the paying over of the funds is separable from the main judgment of liability for $8,000,000, as it is a separate order with reference to the disposition of the money, or property, in the hands of the court, while the main judgment is a judgment of liability to pay, which is not stayed, except so far as it may be involved in the order to forthwith turn over the impounded money to the successful litigant. This being true, we think the granting of the supersedeas by Justice Anderson was clearly authorized by the said section 56. Code of 1906 (Section 32, Hemingway's Code).
It is true that the order to turn over the impounded funds grows out of and is connected with the main money judgment but it is separable therefrom for the reason that its character is distinctly different from, and it may present questions for decision by this court independent of those presented by, the main judgment of liability. We have been unable to find any cases in point which hold contrary to the views we have expressed, and the question seems to be largely one of local law to be determined by our statutes governing appeals. The rule recognizing separable parts of a judgment, though all included in the same rendition, is a principle followed in many jurisdictions; and an appeal without supersedeas as to one part and appeal with supersedeas as to another part is allowable, if the two parts are so different as to be separable.
... .
The law requiring security by bond for appeals with supersedeas rests upon the just principle that the successful litigant shall be saved harmless from loss, and secured in the fruits of his victory. This is all that should be required of the losing litigant who desires that his case be reviewed on appeal, and that the status quo be maintained until a final decision is rendered in the cause.
Here we have the actual money safely impounded in the hands of the court, to be turned over or applied according to the judgment of the court when finally given. There can be no good reason or necessity for requiring by bond the forth-coming of the money at the final decision when the money is already in the hands of the court. No harm or damage can come to the successful litigant so far as this money is concerned by staying it in the safe possession of the court, because a bond has been required and furnished which amply provides for any loss in the way of interest, statutory damages, and the cost of the appeal.
The money in this case remains in the hands of the court instead of being released to the losing litigant, who may later on be required to produce it to satisfy a final judgment of the court.
127 Miss. at 442, 444-7, 90 So. at 120-122.
In Aetna, the Supreme Court ordered that the appellants (insurance companies) enter into a bond to cover the cost of appeal and the further sum of twenty-five per cent (25%) of the amount of their respective funds impounded, conditioned to pay damages and interest should the decree of the trial court be affirmed, and to be approved by the clerk of the chancery court. 127 Miss. at 442, 90 So. at 120.
In the case of Summer v. Henn, 323 So.2d 751 (Miss. 1975), an analogous situation again was before this Court. In Summer, the trial court actually had tendered into court interpled funds. Citing the Aetna decision, the appellant Summer contended the interpled funds were actually in the hands of the court and the amount of the supersedeas appeal bond should be set in accordance with the Aetna holding. This Court recognized the Aetna rationale, but denied the appeal for failure to timely file a cost bond within the appeal time.
By following the guidelines found in Aetna and Summer, supra, it is the opinion of this Court that the bond figure set by the chancery court should be lowered. The consideration of the two judgments needs to be addressed separately as they are separable. Aetna, supra.

As to the Western Surety Judgment
As to the judgment of some $43,000.00 in favor of Western Surety Company levied *1035 against appellant Perkins, there is sought to be a supersedeas appeal from a money judgment, and Mississippi Supreme Court Rule 8(a) controls. The bond should be 125% of the judgment against Ms. Perkins, plus interest for an estimated appeal time. The statutory penalty under Miss. Code Ann. § 11-3-23 of fifteen per cent (15%) should not be added additionally as it is included in the twenty-five per cent amount above the judgment. Under old case law, the cost of the appeal was added within the bond amount. However, under recent separate statutory direction, the trial court costs, including transcript, and Supreme Court filing fee are prepaid in cash. Therefore, no addition to the bond should be considered for this item.
However, as this Court understands the record before us, Ms. Perkins was given a judgment of some $19,000.00 from the estate and which she pledged toward the appeal bond. Therefore, under the Aetna decision, her bond should cover the sum of twenty-five per cent (25%) of the amount of $19,000.00 pledged by her and held by the chancery court, plus one hundred twenty-five per cent (125%) of the judgment amount over the $19,000.00 court-held funds, plus interest.

As to Estate Assets
Regarding the remainder of the estate assets and Ms. Perkins' request for a stay of disbursement thereof pending her review in this Court, the same analysis applies.[2] Since Ms. Perkins, as this Court understands the record, has no control over the estate assets and those assets are under the control of the chancery court, then Ms. Perkins should submit a bond to cover interest for the estimated appeal time and the further sum of twenty-five per cent of the amount of the value of the estate assets held under the court's jurisdiction.
The bond should be conditioned to pay damages and interest and penalty should the trial court judgment be affirmed, with two or more sufficient resident sureties, or one or more guaranty on surety companies authorized to do business in this state, and conditioned that the appellant will satisfy the judgment complained of, and also such final judgment as may be made in this case.
Since this opinion directs a reevaluation of the amount of the bond, this Court vacates its prior approval of the $125,000 bond and remands the case to the chancery court to reassess the amount under the guidelines of this opinion.

IV.
Since a new bond will have to be considered, this Court does not address the form of the formerly submitted bond as a moot question.

V.
The temporary stay is continued, provided the appellant files, and receives approval by the chancellor, a good and sufficient bond, with proper sureties, within ten (10) days from the date the chancellor sets the amount of a new supersedeas bond, in default of which the stay of execution will be denied. Stewart v. Mississippi State Highway Commission, 185 Miss. 328, 186 So. 633 (1939).
REMANDED TO THE CHANCERY COURT FOR RECONSIDERATION OF A NEW BOND AMOUNT.
ROY NOBLE LEE, C.J., HAWKINS, DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and ZUCCARO, JJ., concur.
NOTES
[1] Rule 8. Stay or Injunction Pending Appeal

(a) Stay by Clerk's Approval of Supersedeas Bond. The appellant shall be entitled to a stay of execution of a money judgment pending appeal if the appellant gives a supersedeas bond, payable to the opposite party, with two or more sufficient resident sureties, or one or more guaranty or surety companies authorized to do business in this state, in a penalty of 125 percent of the amount of the judgment appealed from conditioned that the appellant will satisfy the judgment complained of, and also such final judgment as may be made in the case. The clerk of the trial court shall approve any such bond and the approval of the supersedeas bond by the clerk shall constitute a stay of the judgment. In the event the clerk declines to approve the bond, or the clerk's approval is contested, or the appellant seeks a stay on any basis other than compliance with this subdivision, the requirements of Rule 8(b) apply.
(b) Other stays must ordinarily be sought in the first instance from the trial court. Application for a stay of the judgment or the order of a trial court pending appeal or for approval or disapproval of a contested supersedeas bond or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance to the trial court. The court shall require the giving of security by the appellant in such form and in such sum as the court deems proper, and for good cause shown may set a supersedeas bond in an amount less than the 125 percent required in cases under Rule 8(a). The ruling of the trial court on the motion shall be reviewable by this Court.
(c) Motion to stay or vacate stay in Supreme Court. A motion for such relief may be made to this Court or to a justice of this Court, but the motion shall show that the application to the trial court for relief sought is not practicable, or that the trial court has denied an application or has failed to afford the relief which the applicant has requested, with the reasons given by the trial court for its action. The motion shall also show the reasons for the relief requested and the facts relied upon and if the facts are subject to dispute, the motion shall be supported by affidavits or other sworn statements. The applicant shall file an original and three (3) copies of the motion for stay and, if the motion is opposed, shall attach legible copies of the documents listed below. If the applicant asserts that time does not permit the filing of a written motion, applicant shall deliver to the clerk four legible copies of each of the listed documents as soon as possible. If any listed document cannot be attached or delivered, a statement of the reason for the omission shall be substituted. The documents required are:
i. The application to the trial court for a stay;
ii. Each brief or memorandum of authorities filed by a party to the application in the trial court;
iii. The opinion giving the reasons advanced by the trial court for denying relief;
iv. The trial court order or judgment denying relief.
Reasonable notice of the motion shall be given to all parties. The motion shall be filed with the clerk of this Court and normally will be considered by a panel of this Court. In emergency cases where the procedure would be impractical due to the requirements of time, the application may be made to and considered by a single justice of this Court, and the applicant shall file the motion with the Clerk in writing as promptly as possible.
(d) Stay may be conditioned upon the giving of a bond; proceedings against sureties. Relief available in this Court under this rule may be conditioned upon the filing of a bond or other appropriate security in the trial court. If the security is given in the form of a bond or stipulation or undertaking with one or more sureties, each surety submits itself to the jurisdiction of the trial court and irrevocably appoints the clerk of the trial court as its agent upon whom any papers affecting its liability on the bond or undertaking may be served. The surety's liability may be enforced on motion in the trial court without the necessity of an independent action. The motion and notice of the motion may be served upon the clerk of the trial court, who shall forthwith mail copies to the sureties if their addresses are known.
[2] On this partial record, if this Court's assumption that the Chancery Court controlls the estate funds is in error, then the former approval of a $125,000 bond is proper.