# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-00090-SCT

*PATTY STEWART, SALLY STEWART HESTER, GILES STEWART AND LARRY STEWART, INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF EDSEL STEWART; AND LARRY STEWART AND GILES STEWART AS CO-TRUSTEES OF THE STEWART FAMILY LIFE INSURANCE TRUST*

*v.*

*THE PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA AND PRUCO LIFE INSURANCE COMPANY, JMB FINANCIAL, AND JAMES BATEMAN*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/12/2009 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | ALEX A. ALSTON, JR. |
| ATTORNEYS FOR APPELLEES: | ROY H. LIDDELL |
| | WALTER D. WILLSON |
| | RICHARD GERALD NORRIS, II |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 09/30/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., DICKINSON AND CHANDLER, JJ.**

**CARLSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This appeal stems from a prior appeal by Prudential Insurance Company of America and Pruco Life Insurance Company (collectively "Prudential") from a judgment entered

consistent with the jury verdict rendered after a trial in the Circuit Court of the First Judicial District of Hinds County. The judgment was against Prudential and in favor of Plaintiffs/Appellants Patty Stewart, Sally Stewart Hester, Giles Stewart, and Larry Stewart (collectively "Stewart"), in the amount of $36,901,638.02. Stewart initiated the original suit against Prudential to recover proceeds from a life insurance policy allegedly due to each of the individual plaintiffs, all of whom were cotrustees in their father's estate.

¶2. On appeal, this Court reversed the trial court judgment entered in favor of Stewart and entered judgment in favor of Prudential. Costs were taxed to Stewart. *See **Prudential Ins. Co. of America v. Stewart***, 969 So. 2d 17, 18-19 (Miss. 2007). As a result, Prudential filed a motion for judgment of the appellate costs. *See* Miss. R. App. P. 36(c). The trial court granted Prudential's motion to assess Stewart costs in the amount of $491,428.50. Stewart now appeals that judgment of costs. Because we find the trial court incorrectly calculated the costs, we reverse and remand for a recalculation of costs.

## FACTS & PROCEDURAL HISTORY

¶3. On May 2, 2006, the Circuit Court of the First Judicial District of Hinds County entered judgment in favor of Stewart and against Prudential on a jury verdict of $36,901,638.02. Prudential timely perfected an appeal to this Court on June 21, 2006. This Court reversed and rendered the judgment and taxed all costs of the appeal to Stewart. Stewart filed a Motion for Rehearing and to Retax Costs, which this Court denied on December 13, 2007. This Court issued its mandate on December 20, 2007. Prudential subsequently filed its bill of costs with the trial court on January 8, 2008, and filed its motion

for a judgment of costs in the trial court on January 9, 2008. Stewart responded to Prudential's motion on January 22, 2008, and claimed an inability to pay. Stewart, however, later amended this response and withdrew the prior argument regarding the inability to pay. The trial court granted Prudential's motion, and Stewart appealed.

## DISCUSSION

¶4. The proper standard of review of a trial court's judgment for costs is abuse of discretion. *United S. Bank v. Bank of Mantee*, 680 So. 2d 220, 224 (Miss. 1996). The judgment for costs should be affirmed unless manifestly wrong or clearly erroneous. *Id.*

¶5. Stewart assigns eight errors regarding the trial court's ruling: (1) whether the trial court erred in awarding any costs to Prudential; (2) whether the trial court properly calculated the longevity of the cost bond for which Prudential seeks recovery; (3) whether the trial court erred in calculating the amount of the supersedeas bond for which Prudential seeks recovery; (4) whether the cost bill presented to the trial court was necessary and reasonable; (5) whether Prudential failed to mitigate its costs; (6) whether Prudential is judicially estopped from asserting recovery of payment on portions of the cost bill; (7) whether costs asserted by Prudential were proven with reasonable certainty; (8) whether this Court can look to its former opinion in this case to determine if it was erroneous and wrong and would lead to unjust results, thus reversing its former opinion. Some of these eight issues have been combined, restated, and renumbered for the sake of today's discussion.

    I.     **WHETHER THE CIRCUIT COURT ERRED IN AWARDING ANY COSTS TO PRUDENTIAL.**

3

¶6.     Mississippi Rule of Appellate Procedure 36 provides, in pertinent part: "If a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered." Miss. R. App. P. 36(a). This Court has the discretion to deny costs in whole or in part to a prevailing party. *Id.*; *see also* ***N. Elec. Co. v. Phillips***, 673 So. 2d 1384, 1385 (Miss. 1996). Our appellate rules create a "presumption favoring the award of costs to the prevailing party." ***N. Elec. Co.***, 673 So. 2d at 1385. "Rarely has a prevailing party been denied costs in the absence of a showing of vexatious conduct on their part or that the losing party is incapable of paying the costs." *Id.*

### A. Inability to Pay

¶7.     Prudential seeks recovery for costs of its appeal bond premiums as well as costs associated with the circuit clerk preparing the appellate record. The trial court awarded these costs in the amount of $491,428.50. In Stewart's Response of Plaintiffs in Opposition to Motion to Tax All Costs to Plaintiffs, to Enter Judgment in Favor of Prudential for Same and to Issue Execution for Costs, Stewart asserted before the trial court an inability to pay, alleging that payment of costs would "bankrupt some members of the Stewart family. . . ." Stewart, however, offered no evidence to support this assertion. In Stewart's Amended Response before the trial court, Stewart withdrew the argument that the family and the estate were unable to pay the costs. Nonetheless, before this Court, Stewart makes assertions throughout the appellant's brief that this assessment of costs will bankrupt the estate.

¶8.     We find that Stewart has waived the argument of inability to pay the costs by excluding it from the Amended Response. "This Court has held that issues that are not raised

4

at the trial court and which the trial court had no opportunity to rule on cannot be raised for the first time in the appellate court." *Corporate Mgmt., Inc. v. Greene County*, 23 So. 3d 454, 462 (Miss. 2009) (citing *Fitch v. Valentine*, 959 So. 2d 1012, 1021 (Miss. 2007)). Stewart had the burden of proof to make a showing of special circumstances but failed to present any evidence in support of this assertion. Accordingly, because the inability-to-pay argument was not presented to the trial court, the trial court had no opportunity to consider this factor in its determination of costs. *See also Alexander v. Daniel*, 904 So. 2d 172, 183 (Miss. 2005).

*B. Vexatious Conduct*

¶9.     Prudential secured a supersedeas bond in the amount of 125% of the total judgment under Mississippi Rule of Appellate Procedure 8(a) in order to stay execution on the judgment. The bond provided for 8% interest each year for an estimated two years, from June 15, 2006, to June 15, 2008. The costs awarded to Prudential totaled $491,428.50, including both the cost of the bond premiums and the costs assessed Prudential by the Hinds County Circuit Court, which stemmed from preparing the record for appeal.

¶10.    There is no evidence of vexatious conduct on the part of Prudential. Accordingly, the trial court did not err in awarding costs to Prudential. Since we find this issue to have no merit, the issue thus becomes whether it was necessary for Prudential to continue to maintain and pay the bond costs through June 2008, given that this Court issued the mandate on December 20, 2007. We analyze this question as part of Issue II.

5

## II. WHETHER THE TRIAL COURT PROPERLY CALCULATED THE LONGEVITY OF THE COST BOND FOR WHICH PRUDENTIAL SEEKS RECOVERY, AND WHETHER PRUDENTIAL FAILED TO MITIGATE ITS COSTS.

¶11.   Stewart argues that Prudential should have stopped incurring costs as of this Court's decision in the underlying case on September 27, 2007. Prudential, however, states that it continued to maintain the bond because its exposure did not end in 2007 due to a series of motions for rehearing that Stewart had filed, the second of which was in June 2008.  After this Court denied Stewart's second Motion for Rehearing, Prudential allowed the bond to expire.

¶12.   We find that Prudential's exposure ended as soon as this Court issued the mandate on December 20, 2007, making continued maintenance of the bond unnecessary. Under Rule 40(a) of the Mississippi Rules of Appellate Procedure, once a Motion for Rehearing has been denied, "no further motion for rehearing shall be filed by any party." Once this Court had denied Stewart's initial Motion for Rehearing, Stewart was no longer at liberty to file additional motions.  Any subsequent Motions for Rehearing filed by Stewart did not serve to prolong the appeal in any way.  As such, Prudential had no need to maintain the bond. This Court has denied a party recovery for a bond deemed to be unnecessary.  *N. Elec. Co.*, 673 So. 2d at 1385 (citing *Board of Trustees of Hattiesburg v. Gates*, 467 So. 2d 216, 219 (Miss. 1985)).

6

¶13.   Accordingly, on this issue, we find that the trial court erred, and we reverse and remand to the trial court for a determination of the costs of maintaining the bond through December 20, 2007.

### III. WHETHER THE TRIAL COURT ERRED IN CALCULATING THE AMOUNT OF THE SUPERSEDEAS BOND FOR WHICH PRUDENTIAL SEEKS RECOVERY.

¶14.   Stewart maintains that Prudential purchased a bond that far exceeded the sum required for a supersedeas bond. Prudential's first-year premium was $240,783. Stewart argues that the correct amount should have been .0045 times 125% of the total judgment ($36,901,638.02 times 1.25), which is $207,571.71. In other words, Stewart contends that the total amount of the bond should have been $46,127,047, and the cost of the bond taken at $4.50 per thousand is $207,571.71.

¶15.   Prudential agrees that the total judgment was $36,901,638.02. The judgment, however, expressly provided for 8% interest[1] of the total amount per year, with 8% being $2,952,131. *See Stewart*, 969 So. 2d at 18 (¶1). Prudential estimated the duration of the appeal to be two years. According to Prudential's calculations, therefore, the amount of the judgment plus interest was $42,805,900. Applying the 125% penalty, the total amount of the supersedeas bond required to forestall execution on the judgment was $53,507,375, requiring a payment of $240,783 for the first year. Prudential provided evidence to the trial court in

---

[1]We notice that, without objection, the trial judge awarded 8% interest on the judgment. Indeed, for many years, Section 75-17-7 of the Mississippi Code provided for 8% interest on judgments. But in 1989, the Legislature amended the statute to require trial judges to set a reasonable rate of interest.

7

the form of invoices for the premiums paid on the bond as well as a clerk's certificate detailing costs associated with preparation of the appellate record.

¶16.   The apparent difference in the two parties' calculations is that Prudential included the 8% interest rate in its calculations before applying the 125% penalty. We do not agree with Prudential's inclusion of the 8% interest rate, prior to calculating the amount to be bonded. Rule 8 of the Mississippi Rules of Appellate Procedure provides that a supersedeas bond shall be "125 percent of the amount of the judgment appealed from . . . ."  The purpose of the additional 25% over the amount of the judgment is to cover interest and other costs recoverable by the appellee.  Although, without any citation of authority, we held otherwise in *In re Estate of Taylor*, 539 So. 2d 1029, 1035 (Miss. 1989) ("bond should be 125% of the judgment . . . , plus interest for an estimated appeal time"), we now expressly overrule that case, insofar as it requires an appellee to calculate the amount to be bonded by adding estimated interest to the 125% amount to be bonded. Thus, we now are constrained to find that the trial court erred in allowing Prudential to include estimated interest as part of the judgment on which interest was to accrue.  The result was an inflated and unnecessary amount to be bonded.  On remand, the trial court must, consistent with this opinion, recalculate Prudential's costs.

### IV.   WHETHER THE COST BILL WAS REASONABLE AND NECESSARY.

¶17.   According to Mississippi Rule of Appellate Procedure 36(c), the costs to be taxed include:

8

Costs incurred in the preparation and transmission of the record, the costs of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the appeal shall be taxed in the trial court as costs of the appeal in favor of the party entitled to costs under this rule.

Prudential's bill of costs includes costs in the preparation and transmission of the record, the costs of the court reporter's transcript, and the amount of the premiums paid for costs of supersedeas bonds. Stewart had demanded that Prudential post a bond or face execution on the judgment. Clearly, this rule allows for Prudential to recover for the costs assessed to it by the circuit clerk and for premiums paid for the supersedeas bonds.

¶18. Accordingly, the record before us reveals that the bill of costs was both reasonable and necessary. Therefore, we find no merit in this issue.

## V. WHETHER PRUDENTIAL IS JUDICIALLY ESTOPPED FROM ASSERTING RECOVERY OF PAYMENT ON PORTIONS OF THE COST BILL.

¶19. Stewart argues that Prudential is estopped from recovering the fees of the Hinds County Circuit Court associated with preparing the record for the purposes of appeal. Stewart points to the following statement in Prudential's Response to the Stewarts' Second Motion for Rehearing and to Retax Costs, which states that "Prudential is seeking to recover the cost of the appeal bond, a cost that Prudential had expressly asked the Stewarts to waive before it was incurred." Stewart argues that because this statement did not mention the costs of the Hinds County Circuit Court, Prudential is judicially estopped from now taking a contrary position in asking for costs above and beyond the bond premium. *See **Pursue Energy Corp. v. Miss. State Tax Comm'n***, 968 So. 2d 368, 377 (Miss. 2007) ("Because of

9

judicial estoppel, a party cannot assume a position at one stage of a proceeding and then take a contrary stand later in the same litigation.").

¶20. This issue is without merit. The bill of costs filed with the trial court clearly reveals that Prudential, from the beginning, has sought costs imposed on Prudential by the Hinds County Circuit Court Clerk for preparation of the record for appeal. Moreover, Stewart gleans this earlier statement from Prudential's Response to the Stewarts' Second Motion for Rehearing and to Retax Costs. But the Mississippi Rules of Appellate Procedure do not permit Stewart to file a second motion for rehearing with this Court. Prudential's Response to Stewarts' Second Motion for Rehearing and to Retax Cost is of no consequence to this Court. Thus, this issue has no merit.

## VI. WHETHER COSTS ASSERTED BY PRUDENTIAL WERE PROVEN WITH REASONABLE CERTAINTY.

¶21. Stewart argues that Prudential failed to introduce evidence of costs that met the requisite reasonable-certainty standard. This Court has found evidence to be unsatisfactory in proving damages because the evidence failed to prove the damages with reasonable certainty. *Chevron Oil Co. v. Snellgrove*, 253 Miss. 356, 367, 175 So. 2d 471, 475 (1965), (citing *State Highway Comm'n v. Brown*, 176 Miss. 23, 168 So. 277 (1936)).

¶22. Absent the previously discussed period in which Prudential maintained the unnecessary portion of the second bond, we find that Prudential has proven its damages with reasonable certainty. Prudential has provided numerous invoices, copies of returned checks,

10

invoices, and affidavits authenticating the invoices, which sufficiently evidence its costs. This issue is without merit.

### VII. WHETHER THIS COURT CAN LOOK TO ITS FORMER OPINION IN THIS CASE TO DETERMINE IF IT WAS ERRONEOUS AND WRONG AND WOULD LEAD TO UNJUST RESULTS, THUS REVERSING THE FORMER OPINION.

¶23.    Stewart spends much of the appellant's brief arguing the underlying merits of *Prudential Ins. Co. of America v. Stewart,* 969 So. 2d 17, 18-19 (Miss. 2007), effectively converting the appeal of costs awarded into a fourth motion for rehearing.

¶24.    In denying the first motion for rehearing filed by Stewart, this Court found that it had correctly decided *Stewart*, and Stewart was not allowed to come before this Court using this appeal of costs as a guise for yet another rehearing on this Court's previous decision.  This Court denied Stewart's Motion for Rehearing  as well as two subsequent motions filed after this Court had issued the mandate.  Stewart is procedurally barred from raising issues already disposed of by this Court in the prior appeal. *See* Miss. R. App. P. 40(a).  Therefore, we find this issue to have no merit.

### CONCLUSION

¶25.    While we find no merit in most of the assignments of error raised by Stewart, we do find merit in Issues II and III.  Any premium payment by Prudential for the supersedeas bond from January 2008 through June 2008 was unnecessary, given that Stewart's Motion for Rehearing had been denied, and therefore it may not be recouped.  The calculation of costs should have been through December 20, 2007, when this Court issued the mandate in the

11

underlying case. Also, we do not agree with Prudential's inclusion of the 8% interest rate to the total amount of the judgment, prior to calculating the amount to be bonded. Accordingly, we reverse and remand this case to the Circuit Court for the First Judicial District of Hinds County for an evidentiary hearing consistent with this opinion.

¶26.    **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON, RANDOLPH, LAMAR AND CHANDLER, JJ., CONCUR.    GRAVES, P.J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. KITCHENS AND PIERCE, JJ., NOT PARTICIPATING.**